405 A.2d 937

**COMMONWEALTH of Pennsylvania**

**v.**

**Nicholas W. ILLICH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 5, 1979.

514

Edward Reif, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

 Appellant, Nicholas W. Illich, has appealed from the judgments of sentence after convictions for murder of the third degree, conspiracy and a weapons charge. He elected to be tried non-jury. The only question raised on appeal relates to the sufficiency of the evidence to support the verdicts. When confronted with that issue, it is, of course, axiomatic that the evidence must be viewed in the light most favorable to the verdict-winner, in this case the Com-

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

monwealth. *Commonwealth v. Mangini,* 478 Pa. 147, 386 A.2d 482 (1978).

Two groups of men were involved in fights over a period of days. Illich was reluctant to get involved, but on the day of the killing agreed to join A and B in an attempt to inflict bodily harm on X, Y and their associates. Illich took a .32 caliber gun with him and A and B took baseball bats. At 9:00 p. m., A and B and Illich proceeded by car to X's neighborhood. A was driving, B was in the front seat and Illich was in the back.

Upon arriving in X's neighborhood, they found Z (the victim) and associates on a corner. Illich got out of the car with a bat and sought a fight. His invitation was declined. He reentered the car and announced that, if anyone threw anything at the car, "youse all bought it." While the evidence is contradictory and the court indicated a few items may have been thrown at the car, no threat apparently resulted. Nevertheless appellant pointed the gun out the window, the crowd dispersed and he fired in the direction of those running. The car then left.

Z, with four others, got in a car and pursued. In this connection, Illich was aware, when he agreed with A and B to go to X's and Z's neighborhood, that fights had previously occurred. (Specifically, X, associated with Z, had on July 3, 1976, thrown bricks at A's car. A and four others responded on July 8, 1976, by beating X. On July 9, 1976, a fist fight occurred between X's associate and A. After this fight, A contacted Illich to assist and that is when Illich agreed and brought along the gun.) From this knowledge the court found that it was "clearly foreseeable . . . that [Illich's] actions would provoke pursuit with all its attendant consequences." The pursuit continued until A's car stalled. Z went up to A's window and started to punch him. Z was then shot and killed. The Commonwealth could not establish who shot Z, but Illich testified he had given the gun to B and the Commonwealth is proceeding as if B shot Z.

Essentially, Illich's argument, that no intent to enter a conspiracy existed, is devoid of merit. The circumstances will support a finding and the court found an agreement to

do bodily harm. *Commonwealth v. Kidd*, 251 Pa.Super. 140, 380 A.2d 416 (1977).

The closer question is whether Illich abandoned the conspiracy. Given knowledge of the prior week's events, Illich should have known his actions would precipitate further confrontations. Also, the court found the conspiracy was neither accomplished nor abandoned by the departure of A's car. In *Commonwealth v. Roux*, 465 Pa. 482, 490, 350 A.2d 867, 871 (1976), the Supreme Court said: "Moreover, for an abandonment to be legally sufficient, it must occur before the commission of the crime becomes so imminent that avoidance is out of the question."

The evidence was more than sufficient to sustain the convictions. The death of the victim was the end result of appellant's "shared intent" and agreement with his codefendants to commit assault and do bodily harm. "The least degree of concert or collusion between parties to an illegal transaction makes the act of one the act of all." *Commonwealth v. Strantz*, 328 Pa. 33, 40, 195 A. 75, 79 (1937). Appellant's participation in the events giving rise to the death was, in fact, major. These facts having been proved beyond a reasonable doubt, appellant's convictions and sentences must be affirmed.

Judgments of sentence affirmed.