402 A.2d 1014

**COMMONWEALTH of Pennsylvania**

v.

**Charles Vincent FOUNTAIN, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 24, 1979.

Decided July 5, 1979.

Marilyn C. Zilli, Asst. Public Defender, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Charles Vincent Fountain, was tried by a judge sitting with a jury for the homicide of Joseph Geller. The homicide occurred in Harrisburg on April 21, 1976, during the robbery of Geller's business establishment. The jury returned verdicts of guilty of murder of the first degree and two counts of robbery. After the sentencing hearing the jury determined there were present one of the aggravating circumstances but none of mitigating circumstances provided in the then applicable "Sentencing Code", Act of Decem-

ber 6, 1972, P.L. 1482, No. 334, § 1301, added December 30, 1974, P.L. 1052, No. 345, § 1, effective in 90 days. 18 Pa.C.S.A. 1301, et seq.

On October 1, 1976, post-verdict motions were filed. On February 14, 1977, trial counsel requested leave to withdraw, and he was permitted to do so. The Dauphin County Public Defender was appointed to represent appellant. On April 27, 1977, additional post-verdict motions were submitted and on June 15, 1977, they were denied. On June 29, 1977, the trial court imposed the death penalty for appellant's conviction of murder of the first degree and consecutive sentences of ten to twenty years for the two robbery convictions.[1] Appellant filed a direct appeal to this Court from the judgment of sentence imposed on the conviction for murder of the first degree.

Appellant initially argues that the court below erred by usurping the function of the jury in the sentencing phase of the case by stating that some aggravating but no mitigating circumstances existed, as provided by the "Sentencing Code", *supra*, and that the "Sentencing Code" death penalty was unconstitutional.

In *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977) (cert. denied), this court declared unconstitutional the "Sentencing Code," at issue in the instant case. *Moody* renders moot appellant's initial allegation concerning the judge's usurpation of the sentencing jury's function and also requires the vacation of the death penalty imposed in this case and a remand for resentencing.

Appellant next argues that trial counsel was ineffective. Appellate counsel, who replaced trial counsel after the filing of post-verdict motions, filed supplemental post-verdict motions in which she raised allegations of ineffective assistance. No evidentiary hearing was conducted to determine the merits of the claims. There being an insufficient record to resolve these claims, the case must be remanded to

1. No appeal was taken to Superior Court from the judgments of sentence imposed for the robbery convictions.

the trial court to conduct an evidentiary hearing on all preserved claims of ineffective assistance of trial counsel. *Commonwealth v. Cabbagestalk,* 459 Pa. 564, 330 A.2d 840 (1975).

The record in this matter is remanded to the Court of Common Pleas of Dauphin County for an evidentiary hearing to determine whether appellant, Charles Vincent Fountain, was denied effective assistance of trial counsel. If, following the hearing, and the making of findings of fact and conclusions of law, it is determined that appellant was denied effective assistance of counsel, an order shall be entered granting appropriate relief. If it is determined that appellant was not denied effective assistance of counsel, the judgment of sentence shall be imposed and appellate rights preserved.