429 A.2d 1121

**COMMONWEALTH of Pennsylvania,**

v.

**John H. KING, Appellant.**

Superior Court of Pennsylvania.

Argued March 6, 1980.

Filed May 8, 1981.

Daniel M. Pell, York, for appellant.

John A. Hall, Assistant District Attorney, Harrisburg, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

PER CURIAM:

Appellant, John H. King, was convicted of rape. Following the denial of his post trial motions, he was sentenced to a term of imprisonment of two and one-half to five years. The facts giving rise to this conviction are as follows:

Testimony established that appellant, brother-in-law to the victim, Neile Murray, age eighteen, had taken Neile to her Army reserve meeting in Lancaster on the morning of July 15, 1978. Neile instructed appellant to give directions to her mother, Mrs. Noreen Murray, who was to pick up Neile when the meeting ended at 4:00 p. m. At the close of the meeting, however, Neile found appellant waiting for her. Instead of taking Neile directly home, appellant told Neile that her sister, appellant's wife, wanted to talk with Neile. When they arrived at appellant's home, appellant locked the door, pushed and dragged Neile around the house, threatened her with a knife, told her he loved her, choked her, hit her, and finally, forced her to engage in sexual intercourse with him. Afterwards, appellant took Neile home and told her not to reveal the rape to anyone. Neile immediately told her mother. The police were contacted, and Neile was examined at a local hospital. At trial, Neile testified to penetration and her non-consent.

Appellant's first argument alleges that the trial court erred in permitting the district attorney to ask appellant on cross-examination whether he fathered a child to

another woman.  Such a question, according to appellant, merited a mistrial, although no motion for mistrial was made by defense counsel.[1]  Before addressing this issue, it is necessary to place the allegedly prejudicial question in its proper context.  Appellant presented evidence of his good reputation and character by calling witnesses.  During cross-examination, one of the character witnesses testified that appellant sometimes made passes at other women.  Thereafter, appellant took the stand and denied that he "made passes" at other women, but merely "looked at them."  On cross-examination, the district attorney then asked appellant if he had a child to another woman in order to impeach the credibility of appellant, and to contradict the evidence of good character and reputation that appellant had presented.  Because it is permissible to inquire about the defendant's character and reputation once they have been placed in issue by the defendant, the district attorney's question cannot be deemed an error.  *See*, e. g. *Commonwealth v. Albert*, 198 Pa.Super. 489, 182 A.2d 77 (1962); *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976).  Accordingly, the trial judge cannot be faulted for permitting the district attorney to inquire whether appellant had fathered a child to another woman.

Within the context of his first argument, appellant also claims that a cautionary instruction should have been given to the jury on this point.  However, since appellant did not request such an instruction, the issue is waived.  *See generally Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).  Moreover, appellant's argument is baseless since the trial judge immediately cautioned the jury that the question could only be used for the limited purpose of impeaching the credibility of appellant and could not be used to prove appellant's guilt of the crime charged.

In his second allegation of error, appellant contends that the court below erred in its application of Pennsylvania Rule

1. We note that a decision to declare a mistrial rests within the sole discretion of the trial judge and will not be reversed absent a flagrant abuse of discretion.  *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975).

of Criminal Procedure 305C(1)(a) which rule in pertinent part states:

NOTICE OF ALIBI DEFENSE: A defendant who intends to offer the defense of alibi at trial shall . . . file of record notice . . . specifying intention to claim such defense. Such notice shall contain . . . the names and addresses of witnesses whom the defendant intends to call in support of such claim.

■ According to the testimony of the victim, the rape occurred between 4:00 p. m. and 5:50 p. m. in appellant's Manchester Borough home. Witnesses for appellant, however, testified that appellant was at a baseball game in the park prior to and during the commission of the crime, from about 4:00 p. m. to 5:30 p. m. In this respect, appellant was offering an alibi defense, and under these circumstances, the court below properly required disclosure of the defense witnesses pursuant to Pa.R.Crim.P. 305C(1)(a).

■ Appellant's third argument asserts that the verdict was against the weight of the evidence, since the credibility of the prosecutrix was questionable. It is well established that creditability is within the exclusive province of the trier of fact. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). Only where the evidence is so inconsistent and unreliable, that the verdict is based upon conjecture, will the reviewing court overturn the conviction. *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978). Moreover, when determining a sufficiency claim, we must review the evidence and every reasonable inference drawn therefrom in the light most favorable to the verdict winner below, the Commonwealth in the present case. *See Commonwealth v. Whack, supra; Commonwealth v. Illick*, 266 Pa.Super. 513, 405 A.2d 937 (1979). Recognizing these two rules of appellate review, we are unpersuaded that the verdict was against the weight of the evidence. A review of the evidence given by the prosecutrix establishes that the Commonwealth met its burden of proving beyond a reasonable doubt that appellant committed the crime of rape. That the testimony of the prosecutrix went uncorroborated is of no

consequence. *See* Crimes Code, 18 Pa.C.S. § 3106 (1980 Supp.). According to the prosecutrix, after appellant picked her up in Lancaster, he drove her to his residence, locked her in the house, assaulted her, threatened her with a knife, removed her clothes, and had forcible intercourse with her. Thus, appellant's sufficiency claim must fail.

■ Appellant's fourth allegation of error faults the trial court for permitting the assistant district attorney to amend the information charging attempted rape to rape. Pennsylvania Rule of Criminal Procedure 229 applied in the instant matter. According to that rule, a court has discretion to amend the information where there is a defect in the form or description of the offense. The purpose of the rule is to assure that the defendant has been apprised of the charges against him in order to allow him to prepare an adequate defense for trial. *Commonwealth v. Jones*, 250 Pa.Super. 471, 378 A.2d 1245 (1977).

■ In the case at bar, appellant knew at the time of his preliminary hearing on July 31, 1978, that he was being bound over to court on the charge of rape.[2] Nonetheless, the district attorney's office erred in preparation of the information and charged appellant with attempted rape. In October of 1978, defense counsel for appellant was notified by the district attorney's office that the information would

2. Counsel for appellant acknowledged this fact as true. Our record reveals the following colloquy on the subject:

> (DISTRICT ATTORNEY) At the Preliminary Hearing, the complaint alleged attempted rape and that was amended at the Magistrate's office prior to the Preliminary Hearing and, therefore, the Magistrate bound over the charge of rape to the Court and the defendant was at the Preliminary Hearing as was his attorney. He had sufficient notice that this was the case and I notified (defense counsel) in October that we would ask to amend the indictment at trial based upon the actual binding-over of the charge of rape.
> (THE COURT) Were you at the Preliminary Hearing?
> (DEFENSE COUNSEL) I was.
> (THE COURT) Was the charge of rape bound over?
> (DEFENSE COUNSEL) It was...

Moreover, the only distinguishable element needed to prove rape as opposed to attempted rape is that of penetration, and the prosecution did testify, both at the preliminary hearing and later at trial, that penetration had occurred.

be amended under Pa.R.Crim.P. 229 to state correctly the offense of rape; the record reflects that trial counsel for appellant admitted receiving notification of the amendment. Trial was subsequently scheduled for November 27, 1978. Under this set of circumstances, the trial judge did not exceed his discretion in permitting amendment of the information as appellant was completely notified of the charge of rape levied against him and had ample opportunity to prepare for trial on this charge; he was neither surprised nor prejudiced by the correction. Certainly, his alibi defense was not prejudiced by the amendment. With regard to these first four allegations raised by appellant, we affirm the decision of the court below.

Appellant also raises in this appeal several claims of counsel's ineffectiveness; these claims include, (1) his ineffectiveness in calling prosecution witness, Pricilla Bowman, as for cross-examination; (2) his ineffectiveness for failing to object to a statement made by the prosecutrix to her mother shortly after the rape occurred; (3) his ineffectiveness for failing to file a motion to suppress a statement appellant made to the police; and (4) his ineffectiveness for failing to move for a mistrial, when the Commonwealth asked appellant whether he had fathered a child to another woman. "Our task in cases of this nature . . . encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5, 235 A.2d 349, 352 (1967).

The first three claims of ineffectiveness, however, cannot be decided at the present time. Because, as the Commonwealth concedes, the record is incomplete concerning these points, a determination that counsel's conduct constituted effective assistance cannot be made. Thus, we find it necessary to remand for an evidentiary hearing. *See Commonwealth v. Fountain*, 485 Pa. 383, 402 A.2d 1014 (1979); *Commonwealth v. Roberts*, 263 Pa.Super. 237, 397 A.2d 1187 (1979).

On the other hand, appellant's fourth count of ineffectiveness—that counsel failed to move for a mistrial when the district attorney asked appellant whether he had fathered a child to another woman—can be presently decided by our Court and dismissed as having no merit.[3] Earlier in this opinion, we concluded that it was proper to permit the district attorney to ask appellant whether he had fathered a child to another woman, since the question was posed to impeach the credibility of appellant and to contradict appellant's testimony as well as the evidence of good character and reputation that appellant had presented. Because this question was permissible to attack appellant's credibility and good character, any motion for mistrial premised upon the asking of the question would have been without merit. Counsel is not ineffective in failing to assert a baseless claim; it is only when the claim, which has been foregone, is of arguable merit that inquiry must be made into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).

The record in this matter is remanded to the Court of Common Pleas of York County for an evidentiary hearing to determine whether appellant was denied effective assistance of trial counsel on the three points previously outlined in our opinion. If, following the hearing, it is determined that appellant was denied effective assistance of counsel an order

3. At trial, counsel did object to the question when it was asked of appellant, preserving it for appellate review.

shall be entered granting appropriate relief. If it is determined that appellant was not denied effective assistance of counsel, the judgment of sentence shall be imposed and appellant may file an appeal at a new number and term.