462 A.2d 255

**COMMONWEALTH of Pennsylvania**

v.

**James Edward OWENS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed June 24, 1983.

Louis Andrew Yuhn, York, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, P.J., and CIRILLO, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from appellant's convictions of simple assault, indecent assault and attempted rape. Finding appellant's several contentions without merit, we affirm the judgments of sentence.

Appellant was arrested on August 7, 1978 and charged with attempted rape, indecent and aggravated assault, and two counts of simple assault. He pled guilty on January 22, 1979 to simple and indecent assault and the Commonwealth agreed to nolle prosse the remaining charges. On February 6, 1979, however, appellant withdrew his plea and on March 21, the case proceeded to trial on all charges. The lower court dismissed the aggravated assault charge and the jury found appellant guilty of the other charges. Post-verdict motions were denied and on May 29, 1979, appellant was sentenced to five-to-ten years for attempted rape [1] and a consecutive one-to-two year term for the second count of simple assault. After trial counsel failed to file a timely appeal, appellant petitioned for Post Conviction Hearing Act (PCHA) relief alleging counsel's ineffectiveness. Following a hearing, the lower court permitted present counsel to file this instant appeal.

Appellant contends that the evidence was insufficient to convict him of attempted rape. A person is guilty of committing rape if by forcible compulsion he engages in sexual intercourse with a person who is not his spouse. 18 Pa.C.S.A. § 3121. Sexual intercourse, "in addition to its ordinary meaning includes intercourse per os or per anus, with some penetration however slight." 18 Pa.C.S.A. § 3101. A person commits criminal attempt when, "with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901. When an appellant challenges the sufficiency of the evidence supporting his conviction, we must accept as true all of the evidence upon which the finder of fact could properly have reached its verdict and

1. For sentencing purposes, the lower court merged one count of simple assault and indecent assault into the attempted rape charge.

give the Commonwealth the benefit of all reasonable inferences arising from that evidence. *Commonwealth v. Lewis*, 276 Pa.Superior Ct. 451, 454, 419 A.2d 544, 546 (1980). So viewed, the facts are as follows: On August 7, 1978, appellant and his seven-year old victim were walking through an alley to a nearby candy store when appellant struck her, causing her nose to bleed. Appellant then pushed the child into a garage at the end of the alley, held her, pulled down her pants and unzipped his own. At this point a neighbor who had seen appellant push the child down the alley, entered the garage and tried to intercede. Appellant pushed the neighbor away, struck her and left the garage with the child. The neighbor followed him to the alley, whereupon he struck her again, saying that the child was his own. Shortly thereafter the woman's son shouted that the police were coming and appellant fled, leaving the child behind.

Appellant contends that upon finding one candy store closed, he and the child walked through the alley toward another store. He concedes that he struck both the child, out of frustration, and the neighbor who tried to help. He does however, deny that any indecent or sexual assault occurred.

"It is the exclusive province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded their testimony. *Commonwealth v. Garvin*, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). Furthermore, the trier of fact is free to accept all, part or none of the testimony of any witness. *Commonwealth v. Oates*, 448 Pa. 486, 490, 295 A.2d 337, 339 (1972). Here, the evidence indicates that appellant struck the child, forcibly led her into the garage, removed her clothing and was about to sexually assault her when a woman entered the garage and aborted the attempt. In so doing, the jury could certainly have inferred that appellant made a "substantial step toward the commission" of a rape. 18 Pa.C.S.A. § 901(a). Accordingly, we find the evidence sufficient to convict appellant of attempted rape.

█ Appellant contends next that he was not brought to trial within the 180 days required by Rule 1100. Specifically, he alleges that the Commonwealth's petition to extend was not timely filed. The complaint was filed on August 7, 1978, causing the original rundate to fall on February 5, 1979. On November 28, 1978, appellant requested and received a continuance to the January, 1979 term, beginning on January 15. On January 22, however, appellant entered a guilty plea, only to withdraw it on February 16. That same day, the lower court granted the Commonwealth's petition to extend and appellant was tried on May 21–22, 1979. Under Rule 1100(d)(2),[2] in effect at the time, 18 of the 48 days comprising appellant's continuance are excluded from the time calculated. Therefore, the new rundate was February 23, 1979. Because the Commonwealth filed its petition to extend on February 16, we find its request timely and appellant's contention without merit.[3]

█ Appellant alleges next that the lower court erred in finding the seven-year old victim competent to testify.

The competency of youthful witnesses is to be determined in the discretion of the trial judge after an inquiry as to mental capacity. For such a witness to be competent there must be (1) a capacity to communicate, including an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe and remember the occurrence, and (3) a consciousness of the duty to speak the truth.

**2.** Rule 1100(d)(2) as it existed in 1978 said:
(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

. . . . .

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;

**3.** Even if the original rundate of February 5 still prevailed, it would be unreasonable to have required the Commonwealth to bring appellant to trial by that date, when he did not withdraw his plea until February 16.

*Rosche v. McCoy,* 397 Pa. 615, 620–21, 156 A.2d 307, 310 (1959). In the instant case, the lower court explored the victim's conception of truth, her ability to understand and answer questions and her capacity to remember events, and thereby ascertained her competence to testify. We do not find any abuse of discretion in its assessment.

Appellant asserts next that he was entitled to an adverse inference charge because one of the Commonwealth's witnesses failed to testify. An adverse inference may be drawn when a party fails to call a particular witness within its control. *Commonwealth v. Harley,* 275 Pa. Superior Ct. 407, 413, 418 A.2d 1354, 1357 (1980). There are, however, exceptions to that rule:

1. The witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining the unbiased truth;

2. The testimony of such a witness is comparatively unimportant, cumulative, or inferior to that already presented;

3. The uncalled witness is equally available to both parties;

4. There is a satisfactory explanation as to why the party failed to call such a witness;

5. the witness is not available or not within the control of the party against whom the negative inference is desired; and,

6. The testimony of the uncalled witness is not within the scope of the natural interest of the party failing to produce him.

*Id.* Here, the Commonwealth failed to call the neighbor's ten-year-old son who had phoned the police. The District Attorney informed the court that the witness was available if defense counsel wanted to cross-examine, but that after interviewing him and discovering that he did not remember the incident, she felt that all "he could offer is the fact that he did call the police." (N.T. March 22, 1979 at 96–97). Based on this offer, the lower court could reasonably have determined that the witness was available to both parties,

that the Commonwealth had satisfactory reason for failing to call him and that his testimony would be unimportant and somewhat cumulative. We therefore agree with the lower court that an adverse inference charge was not necessary.

Appellant contends also that trial counsel was ineffective for failing to interview and call witnesses he had identified. Counsel will be deemed effective if "we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Trial counsel testified at the PCHA hearing that throughout the pre-trial stage appellant insisted that he did not want any witnesses called because "people did not want to get involved and ... he didn't want to get them involved." (N.T. May 20, 1980 at 28). Appellant cannot complain about trial strategy upon which he insisted. We agree with the lower court's assessment that trial counsel acted reasonably and afforded appellant effective assistance on this issue.

Finally, appellant alleges that the lower court erred in failing to state its reasons for and to reconsider the sentence imposed. The lower court is required to place on the record the reasons for the sentence. Pa.R.Crim.P. 1405(b). Imposition of sentence, however, is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion or an error of law. *Commonwealth v. Morrison*, 265 Pa. Superior Ct. 363, 374, 401 A.2d 1348, 1354 (1979). An abuse of discretion occurs if a sentence exceeds the statutory limit or is manifestly excessive. On May 25, 1981, the lower court, forgetting that appellant had been found guilty of attempted rape, sentenced him on the assault charges. Upon realizing its mistake, the court withdrew the sentence. On May 29, after the court resentenced him to seven-and-one-half-to-fifteen years on the attempted rape charge, defense counsel informed the court that ten years was the statutory maximum for criminal attempt. The court then imposed a final sentence of five-to-ten years for attempted rape to run

consecutive with a sentence of one-to-two years on one count of simple assault. At each step in appellant's sentencing the lower court explained its reasons for imposing sentences and for vacating faulty ones. The court sentenced appellant in light of his prior record, his status as a parolee on a similar charge at the time of this offense, and the age of the victim. Accordingly, we find no abuse of the court's sentencing discretion.

Finding no merit in appellant's numerous contentions, we affirm the judgments of sentence.

Affirmed.