471 A.2d 459

**COMMONWEALTH of Pennsylvania**

v.

**Eugene SHEALEY, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 1983.

Filed Jan. 6, 1984.

Reargument Denied March 8, 1984.

David Sidney Shrager, Duquesne, for appellant.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

Appellant was convicted, after a jury trial, of murder in the first degree. Motions for a new trial and in arrest of judgment were filed. Appellant then retained present counsel, who filed amended post-trial motions. An evidentiary hearing on allegations of ineffective assistance of trial counsel was held, after which appellant's post-trial motions were denied. Appellant was sentenced to life imprisonment. This direct appeal followed.

The homicide occurred at the home of Marcella Sturdivant, appellant's former common-law wife. The two had separated approximately six months prior to the shooting. After the separation, Sturdivant became romantically involved with the victim, Arthur LeGrand.

Sturdivant testified that she had left work early on the day of the shooting, because of harassing telephone calls from appellant. Upon arriving at home, she called appel-

lant's house to tell him to leave her alone. The two argued. She then went to sleep.

At approximately 7:00 P.M., she was awakened by a noise and found appellant in the hallway. Sturdivant stated that he must have entered through an unlocked laundry room window. The two began to argue. At about that time, the victim phoned to tell Sturdivant that appellant was in the area and to make sure she was alright. Although she tried to convince him that she was alone, the victim stated that he knew appellant was there. As appellant became more belligerent, Sturdivant ran into her bedroom, grabbed a gun and began to load it. Appellant entered and grabbed the weapon from her. Sturdivant then went into the kitchen. She heard a tapping at the window and saw the victim outside. Fearful of a confrontation, she told the victim to leave because appellant had a gun. At that point, appellant saw the victim. As the victim ran across the street, appellant opened the door, pointed the gun, and said, "I am going to get you boy".

After further argument with Sturdivant, appellant seated himself in the hallway. A short time later, Sturdivant saw appellant get up, remove the gun from his pants and walk towards the back of the house. She heard three shots, ran towards them, and saw appellant and the victim struggling on the floor. Appellant pushed the victim off of himself and fired another shot. The victim died as a result of multiple gunshot wounds of the head and chest.

Appellant testified that Sturdivant had invited him to her house that night, that she had "set him up", and that he had shot the victim in self-defense.

Appellant argues that the court erred in permitting the prosecution to cross-examine him concerning criminal charges which had been filed against him, by Sturdivant, at a district magistrate's office. We agree, and therefore order a new trial.

There was conflicting testimony in the case as to whether appellant had been invited to the house or had broken in. During direct examination, appellant admitted that there had been problems and conflicts between himself and Sturdivant. He mentioned the name of a district magistrate in connection with the distribution of property at the time of their separation. During cross-examination, appellant was asked when he had stopped living with Sturdivant. In answering, appellant stated that the magistrate had ordered him to leave. He also revealed that he and Sturdivant had gone to court several times as a result of their separation. The Commonwealth went to sidebar and asked to be allowed to question appellant about specific charges which have been filed against him by Sturdivant. The court permitted those questions, reasoning that appellant had "opened the door" on direct examination. The Commonwealth then proceeded to question appellant about various charges, including harassment, assault and arson.

It is well settled that evidence of a defendant's prior criminal acts may not be introduced as evidence of his guilt at his trial on another charge. *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980). However, there are exceptions to this rule. Evidence of other crimes may be introduced to prove motive, intent, absence of mistake or accident, common scheme or plan, or identity.

The prior criminal acts in question here did not tend to prove any of these exceptions. All such charges had been filed by Ms. Sturdivant. Therefore, they do not, as the Commonwealth argues, tend to prove a motive to kill the victim. Also, since all of the prior criminal acts in question were allegedly directed against Ms. Sturdivant, they do not tend to prove appellant's "state of mind" or intent towards the victim.

Nor can the introduction of these charges be justified as proper impeachment by prior convictions in the nature of

*crimen falsi.* First, there was no indication that appellant had ever been convicted of any of the charges. Furthermore, assault, harassment and arson are not in the nature of *crimen falsi.*

The trial court reasoned that by testifying that he had appeared before a magistrate in connection with his relationship with Sturdivant, appellant "opened the door" for questions concerning specific charges which had been filed against him. Arguably, appellant's own testimony did place his character in issue. *See* 42 Pa.C.S.A. § 5918.

However, even if the evidence did fall under an exception to the rule prohibiting proof of prior criminal acts, the court must still balance the need for the evidence against its potential prejudice in order to determine its admissibility. *Commonwealth v. Wright,* 259 Pa.Super. 293, 393 A.2d 833 (1978). Applying that balancing test, the admission of the evidence was an abuse of discretion by the trial court. It was true that there was conflicting testimony as to whether Sturdivant had invited appellant to her house on night of the shooting. However, the strained nature of the relationship between appellant and Sturdivant prior to that night was not in dispute. Appellant never claimed that his relationship with Sturdivant was still friendly. He admitted that they did not get along, had frequently had problems, and that he had been ordered to stay away from the house. There was no need to introduce evidence concerning the filing of criminal charges of assault, harrassment and arson by Sturdivant. If that evidence had any probative value at all, it was far outweighed by the prejudicial effect it would have on the jury.

Because of our disposition of this question, we do not need to address the other issues raised by appellant.

Judgment of Sentence reversed. Case remanded for a new trial.

Jurisdiction relinquished.