HOFFMAN, Judge:
This appeal is from the judgment of sentence for receiving stolen property[1] (2 counts), criminal conspiracy[2] (3 *130 counts), removal or falsification of a vehicle identification number[3] (2 counts), and dealing in vehicles with removed or falsified numbers[4] (2 counts). Appellant contends that the trial court erred in (1) denying his pre-trial motion to dismiss criminal informations based on a violation of an existing immunity order; and (2) admitting evidence of his involvement in other crimes. Appellant also contends that trial counsel was ineffective for failing to; (3) object to the Commonwealth’s failure to allege an overt act in the three conspiracy counts; and (4) seek dismissal of one count of receiving stolen property. For the reasons that follow, we affirm.
Appellant was arrested on December 10, 1986 and charged with, inter alia, receiving stolen property, conspiracy, removal or falsification of a vehicle identification number and dealing in vehicles with removed or falsified numbers. These charges were brought in connection with the theft of a Ford pick-up truck and a Buick. On December 4, 1987, appellant filed a motion to dismiss the criminal informations filed against him based on an alleged violation of an existing immunity order.[5] The trial court entered an order dismissing appellant’s motion on April 7, 1988. A jury trial was held in this matter on November 21 and 22, 1988. On November 22, the jury found appellant guilty of two counts of receiving stolen property, three counts of conspiracy, two counts of removal or falsification of a vehicle identification number and two counts of dealing in vehicles with removed or falsified numbers. Post-trial motions were timely filed and denied, and on February 13, 1990, appellant was sentenced to an aggregate term of three-to-eleven years imprisonment. This timely appeal followed.
*131 Appellant first contends that the trial court erred in denying his pre-trial motion to dismiss the criminal informations filed against him. Specifically, he argues that those informations were based on information that was subject to an immunity order issued by the Allegheny County Court of Common Pleas. After careful review of the record and the parties’ briefs, we agree with the trial court that the informations were proper because they were based entirely upon evidence derived independently of the immunized testimony. See Commonwealth v. Webster, 323 Pa.Super. 164, 170, 470 A.2d 532, 535 (1983) (use immunity does not prohibit prosecution for all crimes arising out of transaction testified to so long as prosecution’s evidence is obtained from source wholly independent of compelled testimony). Moreover, the trial court has adequately addressed and properly disposed of appellant’s contention in its Opinion. Accordingly, we conclude that the trial court did not err in denying appellant’s pre-trial motion to dismiss the informations filed against him.
Appellant next contends that the trial court erred in admitting evidence of appellant’s involvement in a prior car theft because this evidence was irrelevant. Alternatively, appellant claims that, even if this evidence was relevant, its probative value was outweighed by its prejudicial effect.
It is established that evidence of a defendant’s other criminal activity is inadmissible as evidence of his guilt at his trial on other charges. Commonwealth v. Sparks, 342 Pa.Super. 202, 205, 492 A.2d 720, 722 (1985) (citations omitted). Evidence of other crimes may be admissible, however, when it is offered to prove motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged with the crime. Commonwealth v. Martinez, 301 Pa.Super. 121, 125, 447 A.2d 272, 273-74 (1982) (citations omitted). Even if the evidence does fall within an exception to the rule prohibiting proof of prior criminal activity, the trial court must still balance the need for the evidence against its potential prejudice in order to determine its admissibility. Commonwealth v. Shealey, 324 Pa.Super. 56, 60, 471 A.2d 459, 461 (1984).
*132 At trial, the Commonwealth introduced a transcript of a conversation it taped between appellant and Joseph Cooper on August 6, 1986. The participants referred to a newspaper article indicating that appellant had been arrested in Allegheny County and charged with the theft of a Cadillac. See N.T. November 21, 1988, at 76-87. During this conversation, appellant stated that there was an article written about him in that day’s newspaper. See Commonwealth’s Exhibit 5, at 3-5. The Commonwealth introduced a redacted version of that article for the purpose of establishing that appellant was a participant in the conversation of August 6. See Commonwealth’s Exhibit 6; see also N.T. November 21, 1988, at 87-94. Appellant objected to the admission of the tape and the article as being prejudicial evidence of other crimes from which the jury could infer that appellant had committed a prior offense similar to the one he was on trial for. Id. at 66-73. The Commonwealth countered by arguing that the evidence at issue was admissible because it was necessary to establish the identity of the caller as appellant herein. Id. at 66. Appellant’s identity was important to the Commonwealth’s case because other portions of the same conversation implicated him in the crimes in this case. Before the jury was permitted to hear this evidence, the trial court instructed the jury as follows:
******
Secondly, this particular tape, in it is going to make reference to another or different vehicle than the Buick that has been testified to and some incidences [sic] connected with that other vehicle, a Cadillac as a matter of fact.
The purpose of the introduction of this tape and the sound of it is not to imply or infer guilt to this defendant by reference to this other vehicle or the facts connected with it.
In other words, testimony relative to other criminal episodes is not ordinarily admissible at all to show a defendant’s guilt in the crime with which he is charged, as an example, in this trial.
*133 So this transcript, and more particularly the tape, is not introduced to infer from it that this defendant is guilty of this crime by virtue of the references made to the other vehicle and the incidences [sic] connected with it. I want to make that perfectly clear to you. The purpose that the Commonwealth introduces this tape is to show the identity of the defendant by way of the voice and a newspaper clipping reference in it which will be later introduced by the Commonwealth, and it will tie into what they’re trying to do.
So bottom line, rely on what you hear from the tape and not the transcript. It’s simply an aid. And number two, any references to any other criminal episode are of no relevance to you in this case. They cannot be used to establish the guilt of this defendant in this case. That is clearly improper. And thirdly, this tape is intended to establish the identity of the defendant.
N.T. November 21, 1988, at 75-76. Furthermore, before the admission of the redacted version of the newspaper article about appellant, the trial court again cautioned the jury to use that evidence for the limited purpose of establishing appellant’s identity. Id. at 94.
It is undisputed that both the tape and the newspaper article tended to establish appellant’s identity. This evidence corroborated testimony of Trooper Wessel in which he identified the voice on the tape as that of appellant. Thus, this evidence was clearly relevant to prove identity.
Appellant claims that even if this evidence was relevant, its probative value was outweighed by its prejudicial effect. In this regard, appellant claims that his identity was not in issue and, therefore, the probative value of this evidence was outweighed by its prejudicial effect. In light of the importance of the evidence in the context of this trial, as well as the limiting instructions given by the trial judge, we cannot say that the probative value of the disputed evidence was outweighed by its prejudicial effect. Accordingly, we conclude that the trial court did not abuse its discretion in admitting this evidence at trial.
*134 Appellant next raises two ineffectiveness claims. Our standard for reviewing ineffectiveness claims is well-settled: to prevail, the petitioner must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interests, and that counsel’s conduct prejudiced him. See, e.g., Commonwealth v. Durst, 522 Pa. 2, 4-5, 559 A.2d 504, 505 (1989); Commonwealth v. Pierce, 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987). With this standard in mind, we will address appellant’s underlying claims.
Appellant’s first contention is that counsel was ineffective for failing to object to the Commonwealth’s failure to allege an overt act in the conspiracy counts and for failing to raise this error in post-trial motions. Pa.R.Crim.P. 225(b)(5) provides that, to be legally sufficient, an information must contain “a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint.” Id. Here, the conspiracy informations provided that:
[Appellant] with the intent of promoting or facilitating the commission of the crime of Removal or Falsification of Identification Number, [did] agree with Joseph Cooper, Wilbur James Roles, Sr., Robert Roles and Robert Miller, [ ] that they or one or more of them would engage in conduct, to wit: willfully remove or falsify the identification number of a vehicle, engine or transmission, specifically; willfully remove or falsify the Vehicle Identification Number (VIN) of a 1982 Buick Electra 225 ... which act constitutes said crime----
******
SECOND COUNT: ... [Appellant did] agree with [the above-named individuals] that they or one or more of them would ... willfully and with intent to conceal or misrepresent the identity of a vehicle, engine or transmission, remove or falsify the [VIN] on a 1982 Buick Electra 225 ... which act constitutes said crime----
*135 THIRD COUNT: ... [Appellant did] agree with Joseph Cooper and Gary I. Wingard, that they or one or more of them would ... receive, retain or dispose of movable property ... knowing that it had been stolen, or believing that it had probably been stolen____
Information, Criminal Action No. 0030(A) 1987, R.R. at 73a (emphasis supplied).
On its face, this information appears valid and legally sufficient because it charged an agreement, which is the essence of a conspiracy. See Commonwealth v. Hassine, 340 Pa.Super. 318, 359, 490 A.2d 438, 460 (1985) (citing Commonwealth v. Emmi, 290 Pa.Super. 86, 434 A.2d 142 (1981)); 18 Pa.C.S.A. § 903(a). Appellant argues, however, that a distinct overt act must be charged in the information pursuant to 18 Pa.C.S.A. § 903(e), and that, because such an act was not alleged, trial counsel was ineffective for failing to object to the insufficient information. However, Pennsylvania courts have long held to the contrary. See, e.g., Commonwealth v. Hassine, supra, 340 Pa.Superior Ct. at 359 n. 27, 490 A.2d at 460 n. 27; see also Commonwealth v. Breslin, 194 Pa.Super. 83, 165 A.2d 415 (1960); Commonwealth v. Weldon, 159 Pa.Super. 447, 48 A.2d 98 (1946). Accordingly, appellant’s underlying contention is meritless, and counsel cannot be held to have been ineffective for failing to object to the information and failing to raise this deficiency in post-trial motions.
Appellant’s second ineffectiveness contention is that trial counsel should have sought dismissal of one count of receiving stolen property (regarding the Buick), 18 Pa. C.S.A. § 3925, because appellant was also charged with four counts of specific motor vehicle violations under §§ 7102 and 7103 of the Motor Vehicle Code. Appellant argues that he should not have been prosecuted under the general provisions of the Penal Code when there were applicable special penal provisions available.
Section 3925 of the Crimes Code provides that:
*136 (a) Offense defined. — A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.
(b) Definition. — As used in this section the word “receiving” means acquiring possession, control or title, or lending on the security of the property.
18 Pa.C.S.A. § 3925.
Section 7102 of the Vehicle Code provides that:
(a) Offense defined. — A person who willfully removes or falsifies an identification number of a vehicle, engine or transmission is guilty of a misdemeanor of the third degree.
(b) Fraudulent intent. — A person who willfully and with intent to conceal or misrepresent the identity of a vehicle, engine or transmission, removes or falsifies an identification number thereof, is guilty of a misdemeanor of the first degree.
75 Pa.C.S.A. § 7102. Section 7103 of the Vehicle Code provides that:
(a) Offense defined. — A person who buys, receives, possesses, sells or disposes of a vehicle, engine or transmission, knowing that an identification number has been removed or falsified, is guilty of a misdemeanor of the third degree.
(b) Knowledge of fraudulent intent. — A person who buys, receives, possesses, sells or disposes of a vehicle, engine or transmission with knowledge that an identification number has been removed or falsified with intent to conceal or misrepresent the identity thereof, is guilty of a felony of the third degree.
Id. at § 7103.
A plain reading of these statutes reveals that they were intended to punish distinct offenses. To convict a defen *137 dant of theft by receiving stolen property, 18 Pa.C.S.A. § 3925, the Commonwealth must prove beyond a reasonable doubt that the car had been stolen, that the defendant was in possession of it, and that the defendant had known or had reason to know it was stolen. In the Interest of Scott, 388 Pa.Super. 550, 552-53, 566 A.2d 266, 267 (1989) (citations omitted). To convict a defendant of dealing in vehicles with removed or falsified numbers, 75 Pa.C.S.A. § 7103, the Commonwealth must prove that an identification number has been removed or falsified. See Commonwealth v. Grabowski, 306 Pa.Super. 483, 489-90, 452 A.2d 827, 831 (1982) (citing Commonwealth v. Unkrich, 142 Pa.Super. 591, 16 A.2d 737 (1940)). It is readily apparent that a defendant may be convicted of theft by receiving a stolen automobile where the vehicle identification number had not been removed or falsified. Likewise, a defendant may be convicted of dealing in vehicles with removed or falsified numbers where there is no indication that the car had been stolen. Thus, we conclude that the offense of receiving stolen property is distinct from the offense of dealing in vehicles with removed or falsified numbers. Moreover, appellant does not suggest in this appeal that the evidence was insufficient to convict him of either receiving stolen property or dealing in vehicles with removed or falsified numbers. Accordingly, appellant was properly charged with both offenses, and his ineffectiveness claim lacks arguable merit.
Appellant argues, however, that the case of Commonwealth v. Vukovich, 301 Pa.Super. Ill, 447 A.2d 267 (1982), is controlling. In Vukovich, the defendant had presented a forged prescription in order to obtain prescription drugs without a prescription. We held that the defendant was improperly convicted under the forgery section of the Crimes Code in that such conduct was made a misdemeanor by the Pharmacy Act and that the forgery section of the Crimes Code was a general penal provision which had to yield to the special penal provision in the Pharmacy Act. Id., 301 Pa.Superior Ct. at 117-18, 447 A.2d at 269-70. Vukovich is distinguishable. In that case, the precise type *138 of conduct made criminal (forgery) was identical in § 4101 of the Crimes Code and in the Pharmacy Act. Therefore, the defendant could only be prosecuted under the more specific provisions of the Pharmacy Act. Id. In the instant case, however, appellant’s act of receiving stolen property was not the same conduct as his acts of (a) removing or falsifying the identification number of a vehicle, and (b) dealing in vehicles with removed or falsified identification numbers. Therefore, appellant’s claim that counsel should have moved for dismissal of the charge of receiving the stolen Buick is meritless, and trial counsel cannot be held ineffective for failing to seek dismissal of that count.
For the above-stated reasons, we affirm the judgment of sentence.
Judgment of sentence affirmed.
DEL SOLE, J., files a concurring opinion.

. 18 Pa.C.S.A. § 3925.

. 18 Pa.C.S.A. § 903.

. 75 Pa.C.S.A. § 7102.

. 75 Pa.C.S.A. § 7103.

. On December 4, 1985, one year before appellant's arrest for these charges, appellant had received a grant of immunity from an Allegheny County Court in exchange for his testimony regarding his involvement in a stolen car ring in Pittsburgh.