J-S26020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL VILLARREAL | : | |
| | : | |
| Appellant | : | No. 1360 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 7, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004181-2022

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: AUGUST 25, 2025**

Appellant, Joel Villarreal, appeals from the judgment of sentence entered on August 7, 2024, following his jury trial convictions for involuntary deviate sexual intercourse with a child, involuntary deviant sexual intercourse by force, indecent assault (victim less than 13 years of age), endangering the welfare of a child, unlawful contact with a minor, and corruption of minors.[1] Upon careful consideration, we affirm Appellant's convictions, vacate the sentences imposed, and remand for additional proceedings.

We briefly summarize the facts and procedural history of this case as follows. On June 9, 2022, Appellant was charged with the aforementioned crimes. *See* Trial Court Opinion, 11/6/2024, at 1. The offenses "arose from

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3123(a)(1), 3126(a)(7), 4304, 6318, and 6301, respectively.

the alleged sexual assault of S.S., the [minor] daughter of [Appellant's] paramour, [L.M.], between 2015 and 2019." *See* Commonwealth's Brief at 8. "On April 10, 2024, a jury trial was held [and] on April 11, 2024, Appellant was found guilty on all counts." Trial Court Opinion, 11/6/2024, at 2. "On August 7, 2024, Appellant was sentenced to 25 to 50 years' incarceration." *Id.* In addition, at the time of sentencing, Appellant was also found to be a sexually violent predator (SVP), subject to lifetime registration.[2] N.T., 8/7/2024, at 28-29. Appellant filed a timely post-sentence motion which the trial court denied on August 20, 2024. This timely appeal resulted.[3]

Appellant presents the following issues on appeal:

I. Did the trial court err in admitting statements of Detective Ryan Hockley, regarding [Appellant's] conversation with [L.M.], recorded *via* [police] wiretap, over defense counsel's objections that the best evidence rule required the Commonwealth to play the recording, rather than permit Detective Hockley to paraphrase isolated parts of the recording?

II. Was [Appellant] illegally convicted of [a] third[-]degree felony [for] endangering the welfare of [a] child[] because the jury was not instructed that it must find the element of [a] "course of conduct" [and,] thus, could he only properly be found guilty of [a] first[-]degree misdemeanor[?]

_____

[2] Appellant does not challenge his SVP designation or registration requirements on appeal.

[3] Appellant filed a notice of appeal on September 19, 2024. On September 20, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. On November 6, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

III.    Was [Appellant] illegally convicted of [a] third[-]degree felony [for] corruption of minors because the jury was not instructed that it must find the element of [a] "course of conduct" in violation of [the criminal statute]; thus, could he only properly be found guilty of the first[-]degree misdemeanor version of this offense?

Appellant's Brief at 7.

In his first issue presented, Appellant claims that the trial court erred by admitting the trial testimony of Detective Ryan Hockley regarding a police wiretap recording of a conversation that Appellant had with his paramour, the victim's mother. *Id.* at 14-22. Appellant argues that the trial "court should have required the Commonwealth to play the recording, rather than permit Detective Hockley to paraphrase isolated parts of the recording." *Id.* at 13. In addition, Appellant maintains that the trial court erred in allowing the Commonwealth to present Appellant's "answers out of context and kept the jury from hearing the promises and veiled threats made by [the victim's mother,] which were relevant to the reliability of [Appellant's] statements." *Id.* at 13. Appellant claims that "Detective Hockley's so-called summary of the recording was inadequate and inaccurate" because he failed to acknowledge that Appellant denied abusing S.S. during that conversation or that S.S.'s mother "attempted to manipulate [Appellant] into acknowledging guilt, saying, *inter alia*, that she didn't want to go to the police." *Id.* at 18. Appellant further posits that "because the jury did not hear the recording, they were unable to hear and weigh the entire conversation, including the speakers' inflections." *Id.* Appellant asserts that "[w]hile S.S.'s [trial] testimony [largely proved] the elements of the offenses, the recorded conversation was

still closely related to a controlling [material] issue, and the actual recording (with any prejudicial references omitted) should have been played for the jury." *Id.* at 21; *see also id.* at 22 ("While S.S. testified to what [Appellant] had done to her, the recordings of the wiretapped conversation gave context to the relationship between S.S.'s mother and [Appellant] and could have called into question S.S.'s motive in testifying against [Appellant].").

We have previously determined:

Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

The best evidence rule provides:

### Rule 1002. Requirement of the Original

An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise.

*Comment*: Pa.R.E. 1002 differs from F.R.E. 1002 to eliminate the reference to Federal law.

This rule corresponds to the common law "best evidence rule." The rationale for the rule was not expressed in Pennsylvania cases, but commentators have mentioned four reasons justifying the rule.

(1) The exact words of many documents, especially operative or dispositive documents, such as deeds, wills or contracts, are so important in determining a party's rights accruing under those documents.

(2) Secondary evidence of the contents of documents, whether copies or testimony, is susceptible to inaccuracy.

(3) The rule inhibits fraud because it allows the parties to examine the original documents to detect alterations and erroneous testimony about the contents of the document.

(4) The appearance of the original may furnish information as to its authenticity.

Weinstein & Berger, *Weinstein's Evidence* § 1002(2) (Sandra D. Katz rev. 1994).

The common law formulation of the rule provided that the rule was applicable when the terms of the document were "material." The materiality requirement has not been eliminated, but is now dealt with in Pa.R.E. 1004(d). That rule provides that **the original is not required when the writing, recording or photograph is not closely related to a controlling issue**.

> The case law has not been entirely clear as to when a party is trying "to prove the content of a writing, recording, or photograph." However, writings that are viewed as operative or dispositive have usually been considered to be subject to the operation of the rule. On the other hand, writings are not usually treated as subject to the rule if they are only evidence of the transaction, thing or event. Thus, testimony as to a person's age may be offered; it is not necessary to produce a birth certificate. Or, a party's earnings may be proven by testimony; it is not necessary to offer business records.
>
> Traditionally, the best evidence rule applied only to writings, but Pa.R.E. 1002 may be applicable to recordings or photographs. However, recordings and photographs are usually only evidence of the transaction, thing or event. It is rare that a recording or photograph would be operative or dispositive, but in cases involving matters such as infringement of copyright, defamation, pornography and invasion of privacy, the requirement for the production of the original should be applicable. There is support for this approach in Pennsylvania law.

Pa.R.E. 1002 and *Comment.* The rationale for the rule is readily apparent: in light of the added importance that the fact-finder may attach to the written word, it is better to have available the exact words of a writing, to prevent the mistransmitting of critical facts which accompanies the use of written copies or recollection, and to prevent fraud. Surveillance videotapes present the same

type of circumstances which the best evidence rule was designed to guard against, namely testimony about the content of a videotape when the original tape has not been produced or admitted.

Rule 1004 of the Pennsylvania Rules of Evidence further provides:

**Rule 1004. Admissibility of Other Evidence of Content**

An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:

\*     \*     \*

(d) the writing, recording, or photograph is not closely related to a controlling issue.

Pa.R.E. 1004. Thus, Rule 1002 is subject to the exceptions found in Rule 1004. Where the best evidence rule is at issue, and an original cannot be produced, the proponent must show that a diligent search was conducted to locate the original and the original was lost or destroyed through no fault of the proponent. Upon a satisfactory showing in this regard, the production of the original will be excused and secondary evidence is admissible.

Nevertheless Rule 1002 is applicable only in circumstances where the contents of the writing, recording or photograph are integral to proving the central issue in a trial.... Consequently, if the Commonwealth is introducing a writing, recording, or photograph at trial, Rule 1002 requires that the original be introduced only if the Commonwealth must prove the contents of the writing, recording or photograph to establish the elements of its case. **The rule is not implicated just because evidence is relevant; the rule applies if the writing, recording, or photograph is necessary to prove the elements of a case. In other words, the content of the video must be material to, and not just mere evidence of, the issues at bar for the best evidence rule to apply. If the Commonwealth does not need to prove the content of the writing or recording to prove the elements of the offense charged, then the Commonwealth is not required to introduce the original writing or recording**.

*Commonwealth v. Green*, 162 A.3d 509, 516–519 (Pa. Super. 2017) (*en banc*) (internal case citations and most quotations omitted; emphasis added).

Here, on this issue, the trial court opined:

In the instant matter, Appellant has failed to show that the call between himself and the victim's mother [] was integral to proving the central issue in [the] trial, that Appellant committed involuntary deviate sexual intercourse with a child, involuntary deviant sexual intercourse by force, indecent assault - victim less than 13 years of age, endangering the welfare of [a] child[,] unlawful contact with a minor, and corruption of minors. The Commonwealth's proof of the elements of these offenses depended on, *inter alia*, the testimony of the victim. The Commonwealth introduced Detective Hockley's testimony concerning the wire call for the limited purpose of informing the jury of his investigative process. As such, the Commonwealth was not required to introduce the 90-minute call between [the victim's mother] and Appellant, and the court did not err in admitting Detective Hockley's [t]estimony. This issue is without merit.

Trial Court Opinion, 11/6/2024, at 8.

Upon review of Appellant's argument, applicable law, the certified record, and the trial court's decision, we discern no error. Regarding the wiretapped conversation at issue, Detective Hockley testified that when the victim's mother "confronted [Appellant] about the allegations that [S.S.] had brought up, [he thought Appellant's] response was, oh, boy." N.T., 4/11/2024, at 41-42; **see also id.** at 44 ("[A]s the mother of her victim child, [she] wanted to know whether or not [Appellant] sexually assaulted her. She confronted him, and he said multiple times that he could not recall if it happened or not. … I would say [the recorded call] kind of runs the gamut. It's sort of an up-and-down phone conversation."). This was the entirety of

- 7 -

Detective Hockley's trial testimony about the recorded conversation at issue.[4] The Commonwealth did not need to prove the content of this recording to prove the elements of the offenses charged and the recorded conversation was not dispositive. Detective Hockley did not testify that Appellant implicated himself or admitted culpability during the conversation. Accordingly, the Commonwealth was not required to introduce the original recording. Hence, Appellant's first issue is without merit.

Appellant's next two issues are interrelated, and we will examine them together. Appellant claims that the trial court imposed illegal sentences for his convictions for endangering the welfare of a child and corruption of minors. Appellant's Brief at 23-37. Appellant argues that the trial court failed to instruct the jury that it was required to find that Appellant engaged in "a course of conduct" in order to convict him of third-degree felonies for each crime. *Id.* at 23 and 31. As such, Appellant argues that his illegal sentences be vacated, and the case remanded for resentencing as first-degree misdemeanors. *Id.* at 38-39.

An offense, as defined by Section 4304, for endangering the welfare of a child "constitutes a misdemeanor of the first degree" unless "the actor engaged in a course of conduct of endangering the welfare of a child [and] the offense constitutes a felony of the third degree." 18 Pa.C.S.A.

_____

[4] We note that the Commonwealth entered another wiretapped conversation between the victim and Appellant into evidence which was played in its entirety for the jury at trial. *See* N.T., 4/11/2024, at 46; Commonwealth's Exhibit 1.

§ 4304(b)(1)(i) and (ii). Similarly, Section 6301 provides that corruption of minors is a "misdemeanor of the first degree" unless engaged in "a course of conduct" which constitutes "a felony of the third degree." 18 Pa.C.S.A. § 6301(a)(1)(i) and (ii). In **Commonwealth v. Popow**, 844 A.2d 13 (Pa. Super. 2004), this Court determined:

> [I]n order to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of "course of conduct," and the jury must be instructed on such. Here, "course of conduct" is not an element of the offense of endangering the welfare of a child, but it is an additional fact, a jury question, that impacts the grading of the offense. We cannot merely assume the jury found this additional fact when no evidence of it was presented at trial and no mention of it was made in the jury's charge. **See Commonwealth v. Shamberger**, 788 A.2d 408 (Pa. Super. 2001) (*en banc*) (whether property was taken from the person is not an element of theft, but is a factor for grading purposes; this "factor" is a question for the jury); **see also Commonwealth v. Sparks**, 492 A.2d 720 (Pa. Super. 1985) ("As to grading of ... offenses, it is clear that value becomes determinative and this, too, is a factual question, which has been regarded as a jury question, although it is not an element of the crime.").
>
> We therefore conclude[d in **Popow**] that the trial court improperly graded this offense as a felony of the third degree. We remand[ed] to the trial court for imposition of a sentence within the legal sentencing range and consideration of the sentencing guidelines of this crime as a misdemeanor of the first degree, rather than as a felony of the third degree.

**Popow**, 844 A.2d at 18.

In this case, both the trial court and Commonwealth concede that the jury was not instructed on "course of conduct" regarding the offenses of endangering the welfare of a child and corruption of minors. Trial Court

Opinion, 11/6/2024, at 9-11; *see also* Commonwealth's Brief at 12-15. Accordingly, we vacate the sentences imposed for endangering the welfare of a child and corruption of minors. On remand, the trial court shall impose lawful sentences for these offenses within the allowable statutory limits for first-degree misdemeanors. The court shall also consider the appropriate sentencing guidelines corresponding to these offenses graded as first-degree misdemeanors.

Convictions affirmed. Remand for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/25/2025

- 10 -