609 A.2d 204

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Vernon MATTHEWS, Appellee.**

Superior Court of Pennsylvania.

Submitted March 10, 1992.

Filed June 5, 1992.

Joseph H. Kleinfelter, Asst. Dist. Atty., Harrisburg, for Com., appellant.

Francis M. Socha, Harrisburg, for appellee.

Before POPOVICH, HUDOCK and HESTER, JJ.

POPOVICH, Judge.

This is an interlocutory appeal from the order of the Court of Common Pleas of Dauphin County, which granted appellee's motion in limine to exclude from trial any evidence of the controlled buy of cocaine. Herein, the Commonwealth contends that the lower court erred in granting appellee's motion in limine. The Commonwealth asserts that evidence of the controlled buy of narcotics which occurred at appellee's residence should be admissible to

establish appellee's "intent to deliver" the drugs which were seized during the subsequent search of his premises. We agree. Accordingly, we reverse and remand for trial.[1]

The record reveals the following facts: On January 29, 1990, Lt. John Goshert and several other officers of the Harrisburg Police Department executed a search warrant at the residence located at 1730 Elm Street, Harrisburg, Pennsylvania. The residence was occupied by appellee, Ilene Stewart, Nyree Letterlough and a three-year old child. The probable cause for issuance of the search warrant was a "controlled buy" of narcotics which occurred at the premises within the previous forty-eight hours. The confidential informant who made the purchase told Lt. Goshert that appellee sold him the drugs. The search of the premises uncovered six plastic bags of cocaine (total weight 3.33 grams), twelve plastic bags of marijuana (total weight 9.7 grams), $222.00 in cash, a large number of zip-lock plastic bags, a hand scale, an Ohaus gram balance scale and a loaded .38 caliber revolver. Appellee was present in the premises during the search and, immediately afterwards, he was arrested on charges of possession of cocaine with intent to deliver, possession of marijuana with intent to deliver and unlawful possession of drug paraphernalia.

Prior to trial, appellee filed a motion in limine which asked the court to exclude any evidence of the "controlled buy" of narcotics which took place at the premises. The Commonwealth desired to offer the evidence to demonstrate appellant's intent to deliver, as opposed to his mere possession of the drugs for personal use. The Commonwealth planned to offer evidence of the controlled buy through the testimony of Lt. Goshert who supervised the controlled buy and a laboratory report concerning the cocaine purchased in

1. The trial court granted appellee's suppression motion and, subsequently, certified its ruling for interlocutory appellate review. The Commonwealth thereafter filed a petition for permission to appeal pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702(b). On June 4, 1991, this court granted the Commonwealth's petition for permission to appeal.

the controlled buy.[2]  However, the Commonwealth indicated it would not identify the confidential informant who made the purchase, nor call the informant to testify at trial. Appellant, citing *Commonwealth v. Washington*, 393 Pa.Super. 132, 573 A.2d 1123 (1990), appeal denied 526 Pa. 634, 584 A.2d 317 (1990), argued that evidence of the controlled buy was inadmissible to prove appellant's intent, absent at least *prima facie* evidence directly linking appellee to the drug sale.  The lower court agreed and entered an order excluding evidence of the controlled buy.  The court then certified this case for interlocutory appeal since it believed *Washington, supra,* was in conflict with *Commonwealth v. Cardona*, 316 Pa.Super. 381, 463 A.2d 11 (1983); *Commonwealth v. Speaks*, 351 Pa.Super. 149, 505 A.2d 310 (1986).[3]

To understand this appeal, we must first review the decision in *Washington, supra.*  Therein, a search warrant was executed at Joseph Washington's apartment, and the search yielded five and three-tenths grams of marijuana, two scales, packaging material and drug paraphernalia. The warrant was issued on the basis of a controlled buy of marijuana.  The confidential informant who purchased the drugs did not testify at trial, but information concerning the controlled purchase was nevertheless admitted over defense objection.  This court, in reviewing Washington's conviction for possession of marijuana with intent to deliver, determined that:

> [T]he usage of the controlled buy as evidence of appellant's intent was nonetheless improper under the circumstances of this case.  The informant did not testify; the evidence shows only that a marijuana purchase may have

**2.** The laboratory report allegedly would show that the cocaine purchased during the controlled buy and that subsequently seized were packaged in a similar fashion and had similar chemical composition, i.e., both samples included phenylpropanolamine, an unusual cutting agent.  N.T., p. 42.

**3.** Evidence of a controlled buy has previously been admitted to establish the defendant's intent to deliver.  See *Cardona, supra; Speaks, supra.*  However, the issues raised herein and in *Washington, supra,* were neither raised nor addressed in those cases.

taken place in appellant's apartment but not that it involved appellant himself.

*Washington,* 393 Pa.Superior Ct. at 137, 573 A.2d at 1125.

We then stated that the proper issue to consider when evidence of a controlled buy is offered for the purpose of showing the defendant's intent is: "... whether there was sufficient quantum of proof linking [the defendant] with the uncharged criminal act so as to make it relevant to the question of [the defendant's] intent." *Washington,* 393 Pa.Superior Ct. at 138, 573 A.2d at 1125. We then reviewed the facts employing the following balancing analysis: "To keep sight of the underlying policy of protecting the accused of unfair prejudice, courts must balance the actual need for the other crimes evidence in the light of the issues, the evidence available to the prosecution, the convincingness of the evidence that other crimes were committed and that the accused was the actor, the strength or weakness of the other crimes evidence in supporting the issue, and the degree to which the jury will probably be roused by the evidence to over-mastering hostility. *[Commonwealth v.] Hude,* [256 Pa.Super. 439, 390 A.2d 183 (1978)]." *Washington,* 393 Pa.Superior Ct. at 138–139, 573 A.2d at 1126.

Weighing the need for the controlled buy evidence against the convincingness of that evidence, we concluded: "Given that there was virtually nothing to link [Washington] to the controlled buy, this evidence was highly prejudicial and its admission constituted reversible error." *Washington,* 393 Pa.Superior Ct. at 139–140, 573 A.2d at 1126. In making that determination, we specifically noted: 1) The police who supervised the controlled buy did not actually see which apartment the informant entered; 2) The informant's description of the suspect in no way matched Washington's physical characteristics;[4] 3) Although a police officer testified that a ten dollar bill used in the controlled buy was found in the apartment, the police did not list the bill as

4. The suspect involved in the controlled purchase was described as five feet, ten inches tall and 160 pounds in weight. Washington, however, was six feet, two inches tall and weighed 210 pounds.

part of their inventory of items seized and had no record of actually matching the serial number of the seized bill to that of the controlled buy money; and 4) Appellant was not the only person who lived in the apartment where the drugs were seized.

■ After applying the balancing analysis set forth in *Washington, supra,* to the facts *sub judice,* we conclude that the lower court improperly granted appellee's motion in limine. First, we must address whether the Commonwealth needs the evidence of the controlled buy to establish appellee's intent to deliver cocaine and marijuana. Presently, there is circumstantial evidence consistent with "intent to deliver", e.g., scales, packaging materials and a loaded handgun. *See Commonwealth v. Parsons,* 391 Pa.Super. 273, 570 A.2d 1328 (1990); *Commonwealth v. Davis,* 331 Pa.Super. 285, 480 A.2d 1035 (1984). However, since the quantity of the cocaine and marijuana might not be so great as to raise a reasonable inference of "intent to deliver", we conclude that such evidence is needed (although not absolutely necessary) to establish appellee's intent to deliver, *See Washington,* 393 Pa.Superior Ct. at 139, 573 A.2d at 1126; *Commonwealth v. Bagley,* 296 Pa.Super. 43, 442 A.2d 287 (1982).

■ Second, we must determine whether there is "a sufficient quantum of proof" linking appellant to the controlled buy so as to make it relevant to the question of appellee's intent. After reviewing the facts *sub judice,* we conclude that the evidence of the controlled buy is sufficiently linked to appellee to warrant its admission. Specifically, we note the following facts: At the time of the controlled buy, Lt. Goshert actually saw the informant enter appellee's residence. Also, an automobile registered to appellee was parked in front of the residence at the time of the transaction. The cocaine purchased during the buy was packaged in a manner similar to the drugs seized from appellee's residence, and the chemical cutting agent used in the purchased cocaine was identical to that used in the

seized cocaine. Finally, the informant specifically told Lt. Goshert that appellee was the person who sold the cocaine, and appellee was the only male resident of the premises.

Unlike the facts of *Washington, supra,* where the defendant's connection to the controlled buy was tenuous at best, we find that the facts presented instantly are sufficiently necessary and reliable to tip the balance in favor of admission of the evidence of the controlled buy. Accordingly, we reverse the order excluding evidence of the controlled purchase and remand for trial.[5]

Order reversed. Case remanded for trial. Jurisdiction relinquished.

---

5. In *Washington,* 393 Pa.Superior Ct. at 139, 573 A.2d at 1126, we noted: "That the controlled buy evidence against [Washington] was weak is moreover demonstrated by the Commonwealth's failure to seek a conviction or even an arrest of appellant on the charge of selling the marijuana that the informant supposedly bought. *E.g., Hude,* 256 Pa.Superior Ct. at 445, 390 A.2d at 186 (in which the same factor was considered)."

Instantly, however, we do not find the fact that appellee was not charged with delivery of cocaine based on the controlled buy to be detrimental to the Commonwealth's position. As the Commonwealth astutely reasons in its brief, "[t]o prove a case of delivery under such circumstances would invariably require testimony by the confidential informant. The whole purpose of proceeding with an application for search warrant and charging the defendant with evidence subsequently recovered is to protect the confidentiality of such informants." Appellant's brief, p. 11.

The public's interest in protecting the flow of information from informants to the police is well established. *See, Speaks,* 351 Pa.Superior Ct. at 159–160, 505 A.2d at 316 (collecting cases). Consequently, we will not, under the facts presented herein, weigh against the Commonwealth its decision not to disclose the identity of its informant.