612 A.2d 482

COMMONWEALTH of Pennsylvania, Appellant,

v.

Stephen CAMPERSON, Appellee.

Superior Court of Pennsylvania.

Argued May 13, 1992.

Filed July 10, 1992.

Reargument Denied Sept. 16, 1992.

---

Nicholas J. Casenta, Jr., Downingtown, for the Com., appellant.

Robert J. Donatoni, West Chester, for appellee.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

Stephen Camperson was charged with drug related offenses based upon contraband seized from his home pursuant to warrant on December 7, 1989. Probable cause for the warrant had been obtained via criminal conduct in which Camperson had engaged earlier on the same day. The trial court, in response to a defense motion in limine, barred testimony of Camperson's earlier criminal conduct during the Commonwealth's case in chief against Camperson in the trial for drugs found in his home. The Commonwealth, certifying that the trial court's order substantially handicapped its prosecution of Camperson, filed the instant appeal.[1]

On December 6, 1989, Brian Wynn was arrested for selling methamphetamine to an undercover police officer in Montgomery County. He told police that he had obtained the controlled substance from Stephen Camperson. On December 7, 1989, Wynn met with Camperson under police surveillance and delivered to him, in exchange for a promise to deliver drugs, the sum of $3500, which had been provided by the police. Arrangements were made for delivery to take place at 5:00 p.m. at the Country Tavern in Chester County. Camperson was kept under police surveillance throughout the day; and after he had stopped at his home and while on his way to meet Wynn, the police attempted to stop him in his vehicle. A lengthy chase ensued in which Camperson was not apprehended until he exited his vehicle and attempted to flee on foot. When apprehended, he was found to be in possession of 238.8 grams of methamphetamine and the $3500 which had been given to him by Wynn. For this conduct, Camperson was charged, under Information No. 178–90, with possession of methamphetamine, possession of methamphetamine with intent to deliver and recklessly endangering another person.

1. The appeal is proper. See: *Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212 (1992); *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).

After a subsequent search of Camperson's home, he was charged additionally, under Information No. 3108–90, with escape, possession of methamphetamine, possession of methamphetamine with intent to deliver, possession of cocaine, possession of cocaine with intent to deliver and possession of drug paraphernalia. A motion to consolidate the two informations for trial was denied. Thereafter, in March, 1991, Camperson was tried non-jury and was found guilty of the offenses charged at 178–90. He then moved to prevent the Commonwealth from using evidence of the offenses of which he had been found guilty during the trial for offenses charged at No. 3108–90. Pursuant thereto, the trial court entered an order as follows:

> AND NOW, to wit, this 22nd day of May, 1991, upon consideration of Defendant's Motion in Limine it is hereby ORDERED and DIRECTED that the portion of the Motion which seeks to preclude the Commonwealth from introducing evidence at its case in chief at the trial of Information No. 3108–90 of the conduct that gave rise to the charges in Information No. 178–90 or the conviction on the charges in Information No. 178–90 is hereby GRANTED.

■ On appeal, the Commonwealth argues that the evidence of Camperson's criminal activity earlier in the day is "strongly probative of the defendant's knowledge of controlled substances in his residence, his power and intent to control those substances, and his possession of those substances with the intent to deliver."

The law applicable to evidence of prior criminal activity was stated by the Supreme Court in *Commonwealth v. Billa*, 521 Pa. 168, 555 A.2d 835 (1989), as follows:

> Evidence of a defendant's distinct crimes are not generally admissible against a defendant solely to show his bad character or his propensity for committing criminal acts, as proof of the commission of one offense is not generally proof of the commission of another. *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491, 497 (1988). However, this general proscription against admission of a defen-

dant's distinct criminal acts is subject to numerous exceptions where special circumstances exist which render such evidence relevant for some legitimate evidentiary reason and not merely to prejudice the defendant by showing him to be a person of bad character. Some of the exceptions that this Court has recognized in the past as legitimate bases for admitting evidence of a defendant's distinct crimes include (but are not limited to): (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one naturally tends to prove the others; (5) to establish the identity of the person charged with the commission of the crime on trial where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other; (6) to impeach the credibility of a defendant who testifies in his trial; (7) situations where defendant's prior criminal history had been used by him to threaten or intimidate the victim; (8) situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development (sometimes called "res gestae" exception). *See Commonwealth v. Lark, supra* 518 Pa. at 302, 543 A.2d at 497 and cases cited therein, *and Commonwealth v. Randall,* 515 Pa. 410, 528 A.2d 1326 (1987). *Id.* 521 Pa. at 177, 555 A.2d at 840. See also: *Commonwealth v. Grekis,* 411 Pa.Super. 513, 531, 601 A.2d 1284, 1293 (1992); *Commonwealth v. Bybel,* 399 Pa.Super. 149, 154–155, 581 A.2d 1380, 1382–1383 (1990). Cf. *Commonwealth v. Martinez,* 301 Pa.Super. 121, 447 A.2d 272 (1982). In *Commonwealth v. Harvey,* 348 Pa.Super. 544, 502 A.2d 679 (1985), the Superior Court added:

"To be admissible to show intent or motive, the evidence must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." *Commonwealth v. Brown, supra* 280 Pa.Super. [303] at

308, 421 A.2d at 736, citing *Commonwealth v. Schwartz,* 445 Pa. 515, 285 A.2d 154 (1971). There must be a logical connection between the prior incident and the crime for which the accused is being tried. Important factors to be considered in making this determination include the proximity in time between the incidents; the similarity in the circumstances surrounding the incidents; and whether evidence of the prior crime is necessary to rebut the accused's evidence or contention of accident, mistake or lack of required intent. See: *Commonwealth v. Sparks, supra* 342 Pa.Super. [202] at 206, 492 A.2d [720] at 722 [ (1985) ]; *Commonwealth v. Barba, supra* 314 Pa.Super. [210] at 222, 460 A.2d [1103] at 1109 [ (1983) ].

*Id.* 348 Pa.Super. at 558, 502 A.2d at 686. However, even where evidence of prior criminal conduct is within one of the above exceptions, the trial court must balance the need for the evidence against its potential prejudice in order to determine its admissibility. *Commonwealth v. Steele,* 408 Pa.Super. 128, 131, 596 A.2d 225, 227 (1991); *Commonwealth v. Echevarria,* 394 Pa.Super. 261, 267, 575 A.2d 620, 623 (1990). The trial court's determination regarding the admissibility of evidence of prior crimes will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Nolen,* 390 Pa.Super. 346, 568 A.2d 686 (1989); *Commonwealth v. Laskaris,* 385 Pa.Super. 339, 561 A.2d 16 (1989).

In the instant case, the defendant was charged with crimes involving a specific intent. He was charged with possessing controlled substances with the intent of delivering them to other persons. Therefore, it was clearly relevant to show that a few hours before police found controlled substances in Camperson's residence, he had agreed to sell drugs to a third person. See: *Commonwealth v. Matthews,* 415 Pa.Super. 306, 609 A.2d 204 (1992); *Commonwealth v. Echevarria, supra* 394 Pa.Super. at 267–268, 575 A.2d at 623. See also: *United States v. Jones,* 676 F.2d 327 (8th Cir.1982) (defendant's offer to sell cocaine held admissible to show intent to deliver marijuana); *Hill v. State,* 176 Ga.App. 509, 336 S.E.2d 276 (1985) (testimony of

witness that in past he had sold marijuana for defendant admissible to show defendant's intent to sell marijuana in present); *People v. Mumford,* 169 A.D.2d 569, 564 N.Y.S.2d 424 (1991) (buy money from prior sale admissible in trial for drugs found pursuant to search at time of arrest).

The trial court concluded that the evidence, even if relevant, was outweighed by its prejudicial effect. It would, the court believed, "produce the danger that the facts offered would unduly arouse the jury's emotional prejudice and hostility against the defendant." If the evidence was so unduly prejudicial, however, it is difficult to comprehend the trial court's willingness, as expressed in its opinion, to reconsider its ruling if the Commonwealth found it necessary to rebut evidence offered by the defense.

It requires no citation of authority that the burden of proving defendant's guilt is on the Commonwealth. To meet this burden, the Commonwealth may rely upon and present to the jury all relevant evidence which is not subject to exclusion. Here, the Commonwealth is required to prove, inter alia, that the methamphetamine found in the defendant's home was intended for distribution to others. Although this intent may be proved in several ways, one of the strongest and most compelling pieces of evidence is that the defendant, in fact, had been distributing methamphetamine on the same day on which methamphetamine and cocaine were found in his home. The evidence of his prior conduct, therefore, will not only be important to the Commonwealth but also enlightening to the factfinder. When the trial court refused to allow the Commonwealth to use the prior offer to sell methamphetamine in order to establish its case against the defendant, the court abused its discretion and committed an error of law.

█ We agree with the trial court, however, that the evidence relied upon by the Commonwealth to prove Camperson's guilt of recklessly endangering another person in the prior trial was irrelevant and inadmissible in the second trial. Evidence of the police chase which led to Camperson's arrest did not tend to establish either guilt or inno-

cence on the charges arising from contraband subsequently found by the police in his residence. Moreover, such evidence would be inflammatory and unfairly prejudicial without serving a legitimate purpose. Therefore, the trial court correctly ruled that it could not be used by the Commonwealth to establish a prima facie case against the defendant in No. 3108–90.

Reversed and remanded for proceedings consistent with the foregoing opinion. Jurisdiction is not retained.

KELLY, J., concurs in the result.