J-S22020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN WISE | |
| Appellant | No. 1399 WDA 2014 |

Appeal from the Judgment of Sentence May 29, 2014
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000468-2013

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                              **FILED JUNE 17, 2015**

Ryan Wise appeals from his judgment of sentence, entered in the Court of Common Pleas of Clarion County, following his conviction, by a jury, of one count each of acquisition by fraud,[1] possession with intent to deliver (Oxycodone and Xanax),[2] insurance fraud[3] and two counts of possession of a controlled substance (Oxycodone and Xanax) by a person not registered to possess such a substance.[4]  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(12).

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 4117(a)(2).

[4] 35 P.S. § 780-113(a)(16).

On August 31, 2013, Wise approached Brenda Henry, a pharmacist at a local CVS, and asked if another CVS employee, Julie Thompson, was working, because he wanted to apply her employee discount to his prescription. Wise then handed Henry his Oxycodone prescription for a price check, and was informed that due to the nature and volume of the drug prescribed the price would be substantial. Additionally, Henry noted that a portion of the prescription appeared to be forged. After returning the slip to Wise, Henry contacted the Clarion County Drug Task Force, which assigned Officer William Peck, IV, to investigate the matter. Officer Peck interviewed Thompson, asking her whether Wise had ever had an Oxycodone prescription filled at CVS. Thompson informed him that Wise had filled a prior prescription for Oxycodone on August 12, 2013, which had been prescribed on June 14, 2013. Thompson also informed Officer Peck that Wise had told her he waited to fill that earlier prescription because he did not have insurance at the time it was first issued.

Officer Peck tracked the June 14th prescription to Dr. Jeffrey Moll, who confirmed that the prescription had, in fact, been altered. The prescription did not originally include Oxycodone or Xanax, the drugs that Wise had obtained. Based on this information, Officer Peck arrested Wise on September 11, 2013. During a search incident to arrest, Officer Peck discovered a pill bottle on Wise's person, labelled with a prescription for Oxycodone. Officer Peck also discovered that the prescription had been

issued that same day, and that the bottle was missing 170 of the prescribed 252 pills. Wise was charged with forgery and the above-stated offenses.

On March 11, 2014, Wise filed a pre-trial motion *in limine*, to preclude on the grounds of relevancy and prejudice, the admission of evidence and testimony regarding the prescription pill bottle found on his person during the search incident to his arrest. At a hearing on his pretrial motion, Wise amended his motion to include "any and all evidence related to the . . . allegations revolving around the August 31st potential forgery and the [] pills that were attempting to be acquired as well." N.T. Motion *in Limine* Hearing, 3/24/14, at 2. The trial court ultimately denied Wise's motion and his trial subsequently began on April 16, 2014.

Wise was found guilty of the above-mentioned offenses and sentenced to an aggregate term of 90-180 months' incarceration.[5] Wise filed a timely post-sentence motion on May 30, 2014, which was denied on August 4, 2014. Wise then filed a timely notice of appeal.

On appeal, Wise raises the following issues for our review:

1. Did the trial court err in denying a motion *in limine* to preclude evidence of a subsequent act and the circumstances of Appellant's arrest that was irrelevant, or if even moderately relevant, the probative value of which was outweighed by the danger of unfair prejudice?

2. Did the trial court err in finding that the Commonwealth had established sufficient evidence for the charges of possession,

_____

[5] Wise was acquitted of forgery.

possession with the intent to deliver, insurance fraud, and acquisition of a controlled substance by fraud or forgery?

In evaluating challenges to motions *in limine*, this Court applies the following standard of review.

When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. ***See Commonwealth v. Zugay***, 745 A.2d 639 (Pa. Super.), *appeal denied*, 568 Pa. 662, 795 A.2d 976 (Pa. 2000) (explaining that because a motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to a ruling on a motion to suppress evidence, our standard of review of a motion *in limine* is the same as that of a motion to suppress). The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion.

***Commonwealth v. Mitchell***, 902 A.2d 430, 455 (Pa. 2006) (some internal citations omitted). Further, we have recognized that, "A trial court's ruling regarding the admissibility of evidence will not be disturbed unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous'." ***Commonwealth v. Owens***, 929 A.2d 1187, 1190 (Pa. Super. 2007), *quoting* ***Commonwealth v. Einhorn***, 911 A.2d 960, 972 (Pa. Super. 2006).

In his first issue on appeal, Wise challenges the court's denial of his motion *in limine*, in which he sought to preclude the admission of evidence from his arrest – specifically, the pill bottle, the fact that more than 65% of the prescription pills were missing from the bottle, and an unfilled prescription. He bases his claim upon lack of relevancy and unfair prejudice.

It is well settled that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Pa.R.E. 401. This standard must be read in conjunction with Pa.R.E. 404, which states, in pertinent part:

> **(b) Crimes, Wrongs, or Other Acts.**
>
> *(1) Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion a person acted in accordance with the character.
>
> (2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, *intent*, preparation, *plan*, knowledge, identity, *absence of mistake*, or lack of accident. **In a criminal case, this evidence is only admissible if the probative value of the evidence outweighs its potential for unfair prejudice.**

Pa.R.E. 404(b) (emphasis added).

Wise challenges the admission of the pill bottle and missing pills on the basis that such evidence does not fit within the intent or common scheme exceptions to Rule 404, and therefore, is not relevant. Wise argues:

> [T]his evidence of missing pills is not demonstrative of anything. . . . To, as the trial court did in its opinion on the motion in limine, **assume** that these missing pills were distributed, is a logical leap that cannot be made in the instant case, and therefore does not establish the relevance of **these** missing pills for the intent of an act that was alleged to have occurred a month earlier, with an entirely different set of pills.

Appellant's Brief, at 13 (emphasis in original). Wise fails, however, to recognize the purpose of the intent exception articulated in Rule 404(b).[6] As the lower court recognized, the evidence of the missing pills is relevant to show Wise's intent to distribute those drugs. To be admissible to show intent or motive, "the evidence must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." *Commonwealth v. Aguado*, 760 A.2d 1181, 1186 (Pa. Super. 2000), *quoting* *Commonwealth v. Camperson*, 612 A.2d 482, 484 (Pa. Super. 1992).

Here, the Commonwealth's evidence does just that; it suggests a causal link between Wise's attempt to obtain drugs and his intent to distribute them. Wise's argument as to the separate sets of pills is irrelevant, as the evidence is admitted to prove an ongoing intent to distribute, which is not dependent on the specific type of pills he possessed. Wise was found with a prescription that had been filled only hours before, yet was missing 170 of the 252 prescribed pills. We find the trial court properly admitted this evidence because it casts light on Wise's intent to

---

[6] To the extent Wise challenges the applicability of Rule 404(b) as permitting only the introduction of *prior* bad acts, and not subsequent actions, we note that our Supreme Court has instructed that "[a]lthough evidence of a subsequent offense is usually less probative of intent than evidence of a prior offense, evidence of a subsequent offense can still show the defendant's intent at the time of the prior offense." *Commonwealth v. Collins*, 703 A.2d 418, 423 (Pa. 1997).

distribute drugs; a fact which was directly at issue and relevant in the underlying case. *Aguado*, *supra*.

Wise also argues that the prejudicial effect of the missing pills and the forgery evidence outweighed its probative value. Wise asserts that because the pills found on August 31st were not the same type of pills acquired on August 12th, and that because there was no evidence that the missing pills had been used for an illicit purpose, then that evidence tends to prejudice him. Again, we are not persuaded by his arguments.

As already discussed, the evidence of the pills was probative of Wise's intent and common scheme in distributing drugs. To the extent this evidence that was collected nearly two months after the charged crime took place prejudiced Wise, we find that the trial judge's limiting instructions to the jury remedied any potential prejudice. The trial judge instructed the jury as follows:

> Now, you've heard evidence tending to prove that the defendant was guilty of forgery and possession with intent to deliver for which he is not on trial. I'm speaking of the testimony to the effect that the defendant, Ryan Wise, is alleged to have forged a prescription that he attempted to have filled at CVS on August 31, 2013, and testimony that the defendant was missing numerous pills on the date of his arrest, on September 11, 2013. This evidence is before you for a limited purpose; that is, for the purpose of tending to show the defendant's intent. This evidence must not be considered by you in any way other than for the purpose I just stated. You must not regard this evidence as showing that the defendant is a person of bad character or that he has a tendency to commit criminal acts from which you might be inclined to infer guilt.

N.T. Jury Trial, 4/16/14, at 89-90.

Wise also argues the unduly prejudicial nature of the forgery evidence, by distinguishing the August 12, 2013 incident from the August 31, 2013 incident. We are not persuaded by this distinction. The evidence presented, as the trial court noted, demonstrated a common scheme by Wise to obtain narcotics using forged prescriptions, and then distribute those drugs for a profit. Although Wise was charged with crimes that stemmed from the August 12, 2013 incident, the trial court was not precluded from introducing acts and occurrences after that period as unfairly prejudicial where they showed his intent at the time of the prior offense.

While we recognize that subsequent acts are typically considered less probative of intent than prior bad acts, **Collins**, **supra**, "evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts." **Id.** at 423. The facts show that on August 12, 2013, Wise used a forged prescription to obtain both Oxycodone and Xanax in large quantities. Only a few weeks later, on August 31, he again attempted to use a second forged prescription to obtain more of those drugs, but his prescription was refused by the pharmacy. On September 11, less than one month later, he was arrested and found to be in possession of Oxycodone pills, hundreds of which were missing from the pill bottle, despite the fact that he had only filled the prescription hours before. Each of these pieces of evidence is relevant and admissible under Pa.R.E. 404(b) to establish a common scheme that is probative of the fundamental factual issue at trial: Wise's intent to illegally

obtain and distribute drugs. *See Commonwealth v. Einhorn*, 911 A.2d 960, 968 (Pa. Super. 2002) (common scheme evidence admissible when probative of key issues). Accordingly, we find that the trial court correctly determined that any prejudice from admitting the subject evidence is outweighed by its probative value.

Next, we turn to the second issue raised on appeal, Wise's challenge to the sufficiency of the evidence supporting each of his convictions.

> When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt. *Commonwealth v. Krouse*, 799 A.2d 835 (Pa. Super. 2002). Any question of doubt is for the trier of fact, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Foreman*, 797 A.2d 1005 (Pa. Super. 2002).

*Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa. Super. 2003).

Wise first contends that there was insufficient evidence to establish the charge of possession with the intent to deliver. That statute provides, in pertinent part, the following:

**§ 780-113**. Prohibited acts; penalties.

*****

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled

substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). To support his claim, Wise cites to *Commonwealth v. Rambo*, 412 A.2d 535, 536-37 (Pa. 1980), which held that a defendant could not be convicted of possession of a controlled substance where he did not have knowledge that the substance was illegal. Wise posits that the Commonwealth presented insufficient evidence to prove that he possessed the drugs with the knowledge that they were illegal. Rather, because he was merely mistaken in his belief that the prescription was valid, he did not have the requisite knowledge under section 780-113(a)(30).

Wise seeks to analogize his defense of mistake to a trespass case, in which the Commonwealth failed to present sufficient evidence that the scienter element of trespass had been met. *See Commonwealth v. Namack*, 663 A.2d 191 (Pa. Super. 1995). Not only is this case inapposite, but we do not agree with Wise's interpretation of the facts under which he was found guilty of possession with intent to deliver. It is plausible that someone else could have altered the prescription during the two-month gap when Wise received the prescription (June 2013) and the time that it was filled (August 2013). This claim, however, is refuted by evidence of the August 31st incident, at which time Wise unsuccessfully tried to fill another forged prescription, thereby putting him on notice that something was amiss

with his prescription. N.T. Jury Trial, 4/16/14, at 21. Despite that incident, Wise asked for the prescription back, filled it at a local Wal-Mart, and that same day was found in possession of more Oxycodone at the time of his arrest. When viewed as a whole, the evidence is sufficient for a reasonable fact finder to conclude, beyond a reasonable doubt, that Wise had knowledge of the illegal nature of his possession of the drugs. ***Kirkland***, ***supra***.

This reasoning also applies to Wise's sufficiency claim regarding his possession conviction. Possession of a controlled substance is defined as:

> *Knowingly or intentionally possessing* a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16) (emphasis added). Here, Wise advances the novel theory that section 780-113(a)(16) also requires proof that he knew that the drugs possessed were illegal. Appellant's Brief, at 24-25. As described above, however, Wise's attempt to fill a prescription, which had been denied as counterfeit by his pharmacy, constitutes sufficient evidence to support the conclusion that he knowingly or intentionally possessed the drugs illegally.

Wise also challenges the sufficiency of the evidence presented against him for the conviction of insurance fraud. Insurance fraud is defined as:

> (a) **Offense Defined** – A person commits an offense if the person does anything of the following:

\* \* \*

    (2) Knowingly and **with the intent to defraud any insurer or self-insured**, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.

18 Pa.C.S. § 4117(a)(2) (emphasis added).  Wise contends that the Commonwealth offered no evidence to established that a claim was actually presented to any insurer.  Again, however, we disagree with Wise's interpretation of the evidence.

Julie Thompson, the CVS pharmacist who filled the August 12th prescription, testified to the following at trial:

Q: Did you discuss with Mr. Wise the delay between the date the prescription was written on June 14th and the day he wanted it filled on August 12th?

A: Yes.  He did not have insurance when he was discharged.

Q:  Okay.

A:  And he was coming in later because had just gotten insurance.

Q:  That's what he told you?

A:  Yes.

\* \* \*

Q:  . . . And he did not pay for it himself, is that correct?

A:  The insurance company picked it up.

Q:  Paid CVS?

A:  Um-hum.

- 12 -

N.T. Jury Trial, 4/16/14, at 30-32. Additionally, Wise, himself, testified as follows:

> Q: You admit that Julie Thompson told you that the amount of Oxycontin you could have paid by your insurance, is that correct?
>
> A: That is correct.
>
> Q: You knew it was going to be paid for by your insurance?
>
> A: That is correct.

N.T. Jury Trial, 4/16/14, at 69. Based on the above testimony, we conclude that sufficient evidence was presented from which a fact finder could conclude, beyond a reasonable doubt, that Wise knowingly caused a fraudulent claim to be presented to his insurer by CVS. ***Kirkland***, ***supra***; 18 Pa.C.S.A. § 4117(a)(2).

Finally, Wise raises a sufficiency of the evidence issue with regard to his conviction for acquisition by fraud or forgery. Specifically, he claims that there was insufficient evidence to show that he acted to deceive.

The crime of acquisition by fraud is defined, in pertinent part, as

> **§ 780-113. Prohibited Acts; Penalties.**
>
> *    *    *
>
> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> (12) The acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.

35 P.S. § 780-113(a)(12).

- 13 -

Wise cites to **Commonwealth v. Noveroske**, 386 A.2d 154 (Pa. Super. 1978), in which this Court reversed a nurse-defendant's conviction under section 780-113(a)(12) for insufficient evidence. In that case, the Commonwealth presented almost no evidence of fraud to refute evidence of mere negligence on the part of the defendant who had acquired and mistakenly administered the wrong dosage of a narcotic to a patient. **Id.** at 155. Additionally, the Court found that because numerous people had access to the cabinet housing the narcotic, there simply was not enough evidence to convict the defendant of fraud under section 780-113(a)(12).

To the extent Wise has alleged a theory of negligence regarding his forged prescription, the facts of the two cases may seem similar. However, the analogy ends there. In **Noveroske**, our Court held that, "[a] conviction can be based on circumstantial evidence but if the conviction is based wholly on inferences, suspicion, and conjecture, it cannot stand." **Id.** at 156 (quotations and citations omitted). Here, the evidence was not entirely conjectural, as in **Noveroske**. Rather, the jury could infer from the evidence from the August 31 incident and the facts surrounding Wise's subsequent arrest that his actions constituted a fraudulent scheme to deceive the pharmacists at CVS. **See Commonwealth v. Larsen**, 682 A.2d 783 (Pa. Super. 1996) (conviction under 780-113(a)(12) upheld on appeal where evidence established defendant's fraudulent scheme of false prescriptions where medications would be prescribed to employees for pickup). Moreover, the jury, as a trier of fact, was free to disbelieve his

- 14 -

claim that he did not knowingly deceive anyone. ***Aguado***, ***supra***, 760 A.2d at 1184 ("The jury, however, is free to believe all, part, or none of the evidence presented [in determining credibility].")

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/17/2015