J-S01045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES MERRILL BROWNING | : | |
| | : | |
| Appellant | : | No. 758 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 25, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001499-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                         **FILED JULY 14, 2022**

Appellant, James Merrill Browning, appeals from the aggregate judgment of sentence of 5 to 10 years' incarceration imposed by the Court of Common Pleas of Schuylkill County following a jury trial at which he was convicted of possession of methamphetamine with intent to deliver (PWID), possession of methamphetamine, possession of cocaine, and possession of drug paraphernalia.[1]  After careful review, we affirm.

On July 18, 2020, at 7:22 a.m., the Pottsville police executed a search warrant for the search of Appellant's room at the Pottsville Motor Inn and found 12.5 grams of methamphetamine, a plastic baggie containing cocaine,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

$880 in cash, a digital scale, a methamphetamine pipe, and a cigar wrapped blunt containing marijuana. Trial Court Opinion at 4-5. The 12.5 grams of methamphetamine and $880 in cash were found together underneath a drawer in a nightstand. *Id.* at 4; N.T. Trial at 70-71, 73, 76, 103, 131, 136. Appellant was arrested and charged with PWID, possession of methamphetamine, possession of cocaine, possession of drug paraphernalia, and possession of a small amount of marijuana, and was taken to the Pottsville police station. Trial Court Opinion at 5; Criminal Complaint.

At the police station, Appellant was read *Miranda*[2] warnings and gave a statement to police in which he asserted that the money was his, denied that the methamphetamine was his, and admitted that he had people come to the hotel room and that they used methamphetamine together. N.T. Trial at 92-95. Appellant also stated, in response to questioning concerning whether there would be evidence of drug sales on his cell phone, that "I know it's wrong but I help people out sometimes." *Id.* at 95. Appellant gave the police consent to search his cell phone and police found text messages from an unidentified sender received on Appellant's phone in the early morning hours of July 18, 2020. *Id.* at 95-97, 108-11. Messages found on the cell phone from 3:42 a.m. stated "Make me up a ball I got 210 hundred" and "Make up and I can be back in half hour alone," and additional messages from

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the same sender slightly later indicated impatience with the absence of a response, referred to "your room" and wanted the recipient to "open up." *Id.* at 109-11.

The charges against Appellant were tried to a jury on April 8 and 9, 2021. Immediately before the start of trial, Appellant moved to exclude Appellant's statement that he sometimes helps people out on the ground that it was evidence of uncharged bad acts that was inadmissible under Pa.R.E. 404(b) and moved to exclude the text messages on Appellant's phone on the ground that they were not authenticated. N.T. Trial at 4-20. The trial court denied both motions. *Id.* at 8, 20-21. This evidence was admitted at trial and a Commonwealth expert witness explained that the phrase "Make me up a ball I got 210 hundred" is a request for an "eight ball," which is 3.5 grams of a drug, and an offer to pay $210 for it and testified that that price is consistent with the price for an eight ball of methamphetamine. *Id.* at 95, 108-11, 131, 141, 147, 152-54, 160-62. The Commonwealth argued to the jury that Appellant's statement that he helps people out and the text message seeking to buy drugs showed that Appellant was providing drugs to other people. *Id.* at 55-56, 220-24.

On April 9, 2021, the jury found Appellant guilty of PWID, possession of methamphetamine, possession of cocaine, and possession of drug paraphernalia, and found him not guilty of possession of a small amount of marijuana. *Id.* at 255-57. On May 25, 2021, the trial court sentenced

Appellant to 4 to 8 years' incarceration for PWID, a consecutive term of 1 to 2 years' incarceration for possession of cocaine, and a concurrent term of 6 to 12 months' incarceration for possession of drug paraphernalia, and found that the possession of methamphetamine conviction merged with the PWID conviction, resulting in an aggregate sentence of 5 to 10 years' incarceration. Sentencing Order; N.T. Sentencing at 10. This timely appeal followed.

Appellant presents the following two issues for our review:

1. Did the trial court err in denying defense counsel's motion, pursuant to Rule of Evidence 404, to preclude a portion of Defendant's recorded statement that referenced prior uncharged bad acts, in that he stated he had given drugs to friends in the past to "help them out"?

2. Did the trial court err in denying defense counsel's motion to preclude text message screen shots that were not properly authenticated, wherein the messages were sent from other unknown writers and there was no response whatsoever on the phone?

Appellant's Brief at 7 (suggested answers omitted). Both of these issues challenge trial court rulings concerning admissibility of evidence. We may reverse a trial court ruling on the admissibility of evidence only where it is shown that the trial court abused its discretion. ***Commonwealth v. Bowens***, 265 A.3d 730, 746 (Pa. Super. 2021) (*en banc*); ***Commonwealth v. Akhmedov***, 216 A.3d 307, 316 (Pa. Super. 2019) (*en banc*).

At the time of Appellant's trial, Pennsylvania Rule of Evidence 404(b) provided in relevant part:

(1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that

on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b) (in effect from March 18, 2013 to March 31, 2022).[3] Appellant contends that this Rule required exclusion of the portion of his statement to police that he "help[s] people out sometimes." We do not agree.

Rule 404(b) prohibits introduction of other crimes and bad acts to prove that the defendant acted in conformity with those other acts at the time of the crime with which he is charged or to prove that he has a criminal propensity, Pa.R.E. 404(b)(1); **Commonwealth v. Gilliam**, 249 A.3d 257, 271-72 (Pa. Super. 2021); **Akhmedov**, 216 A.3d at 316, not introduction of evidence of the defendant's conduct at the time of the crime. Here, Appellant's admission concerned his use of the methamphetamine in question, not his conduct in the past or on other occasions. Appellant's contention that the statement concerned past conduct and was in the past tense is not supported by the record. The evidence at trial was that Appellant stated, with respect to whether there would be evidence of drug sales on his cell phone, "I help people

_____

[3] Subsequent to Appellant's trial, Rule 404 was amended effective April 1, 2022. The only change that the amendment made to Rule 404(b)(1) or (2) was to change the phrase "a crime, wrong, or other act" in subsection (b)(1) to "any other crime, wrong, or act."

out sometimes," N.T. Trial at 95, not that he helped people out in the past or has helped people out in the past.

Moreover, this statement was relevant to prove Appellant's intent with respect to the methamphetamine found in his hotel room. Evidence of other separate criminal acts is admissible to prove the defendant's intent. Pa.R.E. 404(b)(2); *Akhmedov*, 216 A.3d at 318-19; *Commonwealth v. Lytle*, 663 A.2d 707, 712 (Pa. Super. 1995). Appellant's contention that the probative value of the statement does not outweigh its prejudicial effect is without merit. Where the defendant's intent is a contested element of the crime with which he is charged and evidence of other crimes or bad acts is relevant to prove intent, the prejudicial effect may be outweighed by the probative value of that evidence. *Akhmedov*, 216 A.3d at 319; *Lytle*, 663 A.2d at 712; *Commonwealth v. Camperson*, 612 A.2d 482, 484–85 (Pa. Super. 1992).

Intent to deliver the methamphetamine to others was an essential element of the PWID charge against Appellant. 35 P.S. § 780-113(30); *Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017); *Camperson*, 612 A.2d at 485. Appellant disputed the element of intent to deliver. N.T. Trial at 61, 213-18. Appellant's admission that he gives drugs to others is directly relevant to that contested issue of whether he had intent to deliver the methamphetamine in his hotel room to others. *Camperson*, 612 A.2d at 484–85 (evidence that defendant agreed to sell drugs to a third person shortly before police found drugs in defendant's apartment was

relevant and admissible to show intent to deliver and probative value of that evidence outweighed prejudice to defendant). In contrast, the sole claim of unfair prejudice that Appellant asserts is based the contention that the statement relates solely to past conduct, Appellant's Brief at 14-15, which is not supported by the record. The trial court therefore did not abuse its discretion in admitting Appellant's statement.

Appellant in his second issue asserts the trial court erred in admitting the text messages because they were not authenticated. This argument likewise fails. Electronic or digital evidence, such as text messages, must be authenticated before it can be admitted in evidence. Pa.R.E. 901(a), (b)(11) & Comment to Pa.R.E. 901(b)(11); **Commonwealth v. Orr**, 255 A.3d 589, 595 (Pa. Super. 2021); **Commonwealth v. Murray**, 174 A.3d 1147, 1156 (Pa. Super. 2017). The burden of proof for authentication, however, is low, and requires only that the proponent of the evidence "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a); **Bowens**, 265 A.3d at 759 (quoting Pa.R.E. 901(a)); **Murray**, 174 A.3d at 1157 (quoting Pa.R.E. 901(a)).

Pennsylvania Rule of Evidence 901 provides that digital evidence, which includes text messages, may be authenticated by either

> (A) direct evidence such as testimony of a person with personal knowledge; or
>
> (B) circumstantial evidence such as:
>
> (i) identifying content; or

> (ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901(b)(11) & Comment to Pa.R.E. 901(b)(11). The mere fact that the cell phone on which the text messages appear is owned by the defendant is insufficient by itself to authenticate the messages. Comment to Pa.R.E. 901(b)(11) ("Circumstantial evidence of ownership, possession, control, or access to a device or account alone is insufficient for authentication of authorship of digital evidence under Pa.R.E. 901(b)(11)(B)(ii)"); **Commonwealth v. Mosley**, 114 A.3d 1072, 1081 (Pa. Super. 2015) ("[A]uthentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a particular person") (quoting **Commonwealth v. Koch**, 39 A.3d 996 (Pa. Super. 2011) (**Koch I**), **affirmed by equally divided court**, 106 A.3d 705 (Pa. 2014) (**Koch II**)). Evidence that the cell phone on which the text messages appear belongs to the defendant and was in his possession in close temporal proximity to the time of the messages coupled with an absence of evidence that others used that phone and some content on the cell phone that is consistent with evidence concerning the defendant is sufficient to

authenticate messages as sent by or to the defendant. *Bowens*, 265 A.3d at 762; *Murray*, 174 A.3d at 1157.[4]

Here, Appellant admitted that the cell phone on which the text messages were found was his and it was found in his room in a case that contained credit cards in his name. N.T. Trial at 11-15, 95-96, 108. The text messages admitted at trial were received by that cell phone the same morning approximately four hours before the police found the phone with him. *Id.* at 15, 68, 109-11. There was no evidence that anyone else used or received calls or text messages on Appellant's cell phone. In addition, the message asking to buy an eight ball of drugs is consistent with the fact that a quantity of methamphetamine more than sufficient to supply such a request was found in Appellant's room on top of cash that Appellant admitted was his. *Id.* at 70-71, 93-94, 103, 109-10, 131, 136, 153-54.

Appellant argues that the text messages were not authenticated because there was no evidence identifying the sender of the messages or showing that Appellant sent any response. The text messages, however, were not offered to show actions by Appellant and the Commonwealth made clear that Appellant was not the author. Rather, they were offered only to show

---

[4] Most of the case law discussed herein concerning authentication of text messages involves trials that occurred prior to Rule 901(b)(11), which was added to Rule 901 effective October 1, 2020 and applies to this 2021 trial. This Court, however, has held that Rule 901(b)(11) is consistent with that prior case law. *Bowens*, 265 A.3d at 760 n.18. Our pre-Rule 901(b)(11) precedents therefore remain good law and are applicable to this case.

that Appellant's cell phone received text messages proposing a drug transaction. N.T. Trial at 11-12, 55-56, 222-23. Proof of the identity of the sender of a text message is not necessary to authentication where the purpose for which the evidence is introduced does not depend on who the author of the message is. ***Commonwealth v. Jones***, No. 1250 WDA 2021, at 5-8 (Pa. Super. May 23, 2022) (unpublished memorandum) (text messages were sufficiently authenticated and properly admitted, even though there was no evidence that defendant sent them, where they were admitted for the limited purpose of showing that the owner of the phone was not sender and was not in possession of the phone when they were sent). The lack of identification of the author of the text messages and the absence of a response by Appellant therefore went to the weight of this evidence, not its admissibility.

The cases where this Court has held that authentication of text messages or other electronic communications was insufficient do not support Appellant's claim that these text messages should have been excluded. In ***Koch I***, the record showed that the defendant was not the only user of the cell phone on which the text messages appeared, some of the text messages were sent and received days or weeks before the phone was found in proximity to the defendant, and the Commonwealth's witness conceded that he could not ascertain which of the phone users was the sender or recipient of the text messages. 39 A.3d at 1003-05. Moreover, although an evenly divided Pennsylvania Supreme Court affirmed this Court's decision in ***Koch I***, the

Supreme Court unanimously rejected this Court's conclusion that the text messages were insufficiently authenticated and the three justices who voted to affirm did so solely on the ground that text messages were inadmissible hearsay. *Koch II*, 106 A.3d at 713-17 (opinion of Castille, C.J., in support of affirmance), 717 (opinion of Saylor, J., in support of reversal), 721-22 (opinion of Eakin, J., in support of reversal). Here, Appellant sought to exclude the text messages solely for lack of authentication, not on hearsay grounds and did not assert hearsay as an issue in his Pa.R.A.P. 1925(b) statement. N.T. Trial at 8-21; Appellant's Concise Statement of Matters Complained of on Appeal. Any hearsay claim is therefore waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b) concise statement of errors complained of on appeal] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

In *Mosley*, unlike this case, the defendant denied that he owned the cell phones on which the text messages appeared, there were indications that more than one person had access to or owned the phones, and the text messages were not close in time to the date when the phones were found in the defendant's possession. 114 A.3d at 1082-83. *Commonwealth v. Mangel*, 181 A.3d 1154 (Pa. Super. 2018) involved a Facebook social media account, rather than text messages on a cell phone that belonged to the defendant, the defendant did not admit that he was the owner of the Facebook

account, and there was no evidence from any knowledgeable person that the Facebook page in question was his. *Id.* at 1163.

For the foregoing reasons we conclude that the trial court did not abuse its discretion in admitting Appellant's statement to police in its entirety or in its admission of text messages received on Appellant's cell phone on July 18, 2020. Accordingly, we affirm Appellant' judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/22